■ BREWERY WORKERS PENSION FUND et al., Respondents, v NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND et al., Appellants.—In an action for specific performance of an agreement to integrate two pension funds and for a judgment declaring that said agreement is valid and binding, in which action a judgment and order (one paper) was entered in favor of plaintiffs upon the granting of their motion for summary judgment, defendants appeal from an order and supplemental judgment (one paper) of the Supreme Court, Queens County, entered April 12, 1977, which granted plaintiffs' motion to supplement the judgment and order and, *inter alia*, determined that the pension funds have been integrated since December 1, 1976. Order and supplemental judgment affirmed, with $50 costs and disbursements. This appeal concerns the efforts of plaintiffs-respondents to enforce an agreement with defendants-appellants, entered into on or about August 7, 1973, whereby the Brewery Workers Pension Fund (Brewery Fund) and the New York State Teamsters Conference Pension and Retirement Fund (Teamsters Fund) were to be integrated. The agreement was to become effective 30 days after the parties were notified of Internal Revenue Service approval, and upon its ratification by a majority of the participating employees. The brewery workers ratified the agreement in November, 1973. However, in February, 1974, the attorney for the trustees of the teamsters fund notified the attorneys for the trustees of the brewery fund that, in view of an alleged decline in the number of participating brewery workers, the teamsters trustees had voted not to proceed with the agreement. In July, 1974 plaintiffs commenced this action seeking a declaration that the agreement was valid and binding upon the teamsters trustees, as well as specific performance. The teamsters trustees defended on the ground of economic hardship. On September 2, 1974, while this matter was pending, Congress passed the Employee Retirement Income Security Act (ERISA) (US Code, tit 29, § 1001 et seq.) which, by its terms, was to pre-empt the field as of January 1, 1975 (see ERISA, § 514, subd [a]; US Code, tit 29, § 1144, subd [a]). Plaintiffs' action proceeded without defendants raising any defense based upon the ERISA. On April 29, 1975 summary judgment was granted in favor of plaintiffs. The agreement was declared valid and binding and specific performance was ordered. On September 29, 1975 this court unanimously affirmed the judgment and order entered thereon *(Brewery Workers Pension Fund v New York State Teamsters Conference Pension & Retirement Fund,* 49 AD2d 755). Plaintiffs then applied for approval of the Internal Revenue Service, which they received on September 28, 1976. Thereafter, the brewery fund trustees attempted to assign the assets of their fund to the teamsters fund, in accordance with the agreement. Defendants refused to accept the assignment and, in January, 1977, plaintiffs moved for a supplemental judgment enforcing the previous judgment and order of the Special Term. It was then that defendants, for the first time, raised the defense that the merger would violate section 208 of the ERISA (US Code, tit 29, § 1058) because it would dilute the benefits which participants in the teamsters fund would receive. On January 11, 1977, six days after plaintiffs moved for enforcement, certain beneficiaries and/or participants of the teamsters fund commenced a class action in the United States District Court for the Western District of New York against both the brewery fund and the teamsters fund, alleging, among other things, that the merged plan did not comply with section 208 of the ERISA (see *Cicatello v Brewery Workers Pension Fund,* 434 F Supp 950). Meanwhile, defendants had apparently

written to the general counsel of the Pension Benefit Guaranty Corporation (PBGC) asking that the corporation intercede in this matter pursuant to the authority granted it by the ERISA. The PBGC refused on the ground that since it had not yet promulgated regulations determining the extent to which section 208 applied to multi-employer plans, that section did not yet apply to such plans. In response to that refusal, defendants commenced an action against the PBGC and the brewery fund in the United States District Court for the District of Columbia *(New York State Teamsters Conference Pension & Retirement Fund v Pension Benefit Guaranty Corp.,* — F Supp —), seeking a declaration that the provisions of the ERISA were applicable and an injunction directing the PBGC to act with respect to the merger. On April 12, 1977 an order and supplemental judgment granting plaintiffs' motion for enforcement was entered in this action. The Judge indicated that he was bound by the law of the case. On June 17, 1977 the District Court for the Western District of New York dismissed the complaint in *Cicatello* holding, *inter alia,* in accordance with the PBGC position, that since no regulations had been promulgated with respect to section 208 of the ERISA, that section did not yet apply to multi-employer plans. On August 22, 1977 the District Court for the District of Columbia granted summary judgment in favor of defendants therein, holding, alternatively, that (1) the teamsters fund was barred by the doctrine of *res judicata* from raising the ERISA at the Federal level because it could have and should have raised the issue in the State Supreme Court and (2) since the agreement to merge, the breach by the teamsters fund, and the cause of action all occurred or arose prior to the enactment of the ERISA, the court would not interfere because the ERISA could not be applied retroactively. Finally, on March 14, 1978, the United States Court of Appeals for the Second Circuit affirmed the judgment of the District Court in *Cicatello,* relying generally on the District Court's opinion, but also noting the ruling of the District Court for the District of Columbia on the teamsters fund's challenge to the PBGC's interpretation of section 208. Defendants argue before this court that the State courts are without jurisdiction because section 502 (subd [e], par [1]; US Code, tit 29, § 1132, subd [e], par [1]) of the ERISA provides for exclusive jurisdiction in the United States District Courts over all civil actions brought under Title 1 of the ERISA by participants and/or beneficiaries of pension plans. We do not agree. This action was commenced in July, 1974, about two months prior to the enactment of the ERISA, and almost six months prior to its effective date (see ERISA, § 514, subd [a]). The subsequent enactment of the Federal statute could not oust the State court of jurisdiction. The ERISA itself provides that the pre-emption of Title I does not apply to any cause of action which arose prior to January 1, 1975. The fact that plaintiffs were required to bring a supplemental proceeding to enforce the judgment because of defendants' failure to comply with the earlier decision can mandate no different result. The present application was based upon the same facts as supported the original complaint. Defendants sought to raise in the Special Term, and seek to raise here, various issues regarding the applicability of the ERISA in general, and section 208 in particular, to the agreement in dispute. However, as plaintiffs correctly point out, defendants are barred from raising those issues by the doctrine of *res judicata.* The original judgment and order was entered almost four months after the effective date of the ERISA. Consequently, defendants could have raised the ERISA defenses prior to its entry, but inexplicably failed to do so. That judgment and order satisfies all the elements of *res judicata:* a final judgment on the merits, involving the same cause of action and the same parties

as are involved in the supplemental proceeding. Accordingly, defendants are barred from further litigating these issues. We note in passing that the District Court for the District of Columbia reached the same conclusion. Even if the original judgment and order is not entitled to *res judicata* effect, defendants would still be collaterally estopped from raising the ERISA defenses in the enforcement proceeding because of the prior disposition of those defenses at the Federal level. The District Court for the District of Columbia held that the ERISA could not be applied to this agreement because to do so would be to apply the act retroactively without statutory authority. The District Court for the Western District of New York held that section 208 of the ERISA could not be applied to this agreement because of the absence of regulations from the PBGC which are required for its implementation. Consequently, all of the ERISA issues which defendants sought to raise at Special Term have already been decided. We find without merit defendants' argument that the doctrines of estoppel must yield in this case to a supervening change of law. As we noted, the change in the law occurred at such a time that defendants could have presented their claims in the original action. Defendants have had their day in court. On this view of the facts, we are not required to reach defendants' remaining contentions, and we do not do so. Latham, J. P., Rabin, Gulotta and Cohalan, JJ., concur.