■ BREWERY WORKERS PENSION FUND et al., Appellants, v NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND et al., Respondents.—Appeal by the plaintiffs from an order of the Supreme Court, Queens County, dated November 21, 1979, which denied their motion to authorize them to appear and retain counsel in proceedings attacking the validity of the merger between the parties, and to declare that the defendant Teamsters Fund is obliged to indemnify the plaintiffs, Brewery Workers Pension Fund trustees, for costs and expenses, including attorneys' fees, arising as the result of the implementation of the merger agreement. Order modified, on the law, by adding thereto, after the provision "dismissing" the motion, the following: "except (1) that the plaintiffs are entitled to be indemnified for their reasonable costs and expenses, including attorneys' fees, as a result of the implementation of the merger agreement between the parties, and (2) that a hearing is directed to be held for the purpose of determining on proper evidence the reasonable value of such costs and expenses, including attorneys' fees". As so modified, order affirmed, with $50 costs and disbursements payable to the plaintiffs. This action has been before the court on several occasions *(Brewery Workers Pension Fund v New York State Teamsters Conference Pension & Retirement Fund,* 49 AD2d 755, mot for lv to app den 38 NY2d 709; *Brewery Workers Pension Fund v New York State Teamsters Conference Pension & Retirement Fund,* 62 AD2d 1046, mot for lv to app dsmd 45 NY2d 776) and the parties have pursued litigation in other courts *(Cicatello v Brewery Workers Pension Fund,* 434 F Supp 950, affd 578 F2d 1366; *New York State Teamsters Conference Pension & Retirement Fund v Pension Benefit Guar. Corp.,* 591 F2d 953, cert den 444 US 829). The dispute concerns the enforcement of a merger agreement; in our last pronouncement, we found that the doctrine of *res judicata* bound the defendants and that they "have had their day in court." *(Brewery Workers Pension Fund v New York State Teamsters Conference Pension & Retirement Fund,* 62 AD2d 1046, 1048, *supra.)*

Apparently, the defendants continue to resist. Under the terms of the merger agreement the defendant Teamsters Fund contracted to indemnify the plaintiff Brewery Workers Pension Fund from "any * * * cost * * * arising as the result of the implementation of this Agreement * * * including providing of all legal services necessary in the defense thereof." Hence, the plaintiffs' motion for indemnification pursuant to the terms of the agreement should have been granted. The fact that a judgment had been entered in the action did not prevent Special Term from granting the relief sought, since equity retains jurisdiction over its decrees to make them effective (see *Root v Woolworth,* 150 US 401, 410-411; *Local Loan Co. v Hunt,* 292 US 234, 239; *Gold Spring Light, Heat & Power Co. v Selleck,* 256 NY 451, 456). Multiplicity of actions should not be encouraged, where existing vehicles can provide the relief invoked. Nevertheless, we think that the branch of plaintiffs' motion seeking authority to retain counsel is unnecessary. The plaintiffs have a duty to enforce the agreement and the judgment, and that duty encompasses the right to retain counsel to represent them; it is the plaintiffs' choice which controls, and subject, of course, to the review of the court as to necessity of counsel and reasonableness of expense. At the hearing directed herein, the plaintiffs have the burden of establishing the reasonableness of the expenses for which indemnification is sought. Hopkins, J. P., Damiani, Martuscello and Weinstein, JJ., concur.