T.C. Memo. 1999-275

UNITED STATES TAX COURT

FRANK A. SONIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13527-98R.                    Filed August 17, 1999.

Frank A. Sonier, pro se.

<u>Lawrence H. Ackerman</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's motion to dismiss for lack of jurisdiction.  The
issues for decision are:  (1) Whether petitioner has alleged that
there is an actual controversy; and (2) whether petitioner is an
"interested party" entitled to file a petition for declaratory

judgment pursuant to section 7476(b)(1)[1] with respect to the continuing qualification of the Maritime Association International Longshoremen's Retirement Plan Number 002 (MAIL Plan).

Background

Petitioner is a participant in the MAIL Plan. Before its approval for tax-exempt status under sections 401 and 501, on May 21, 1997, the board of trustees for the MAIL Plan filed an Application for Determination for Collectively Bargained Plan with the Internal Revenue Service (IRS). The MAIL Plan administrator issued a letter to all contributing employers on July 8, 1997, asking that the Notification to Interested Parties with respect to the application filed by the MAIL Plan be posted at the principal places of employment and where notices concerning employee-management issues are usually posted. Petitioner found out about the pending application from his employer's human resources office and filed comments with the District Director, which were sent on August 4, 1997, opposing approval of the plan.

---

[1]Unless otherwise indicated, all chapter, subchapter, and section references are to chapters, subchapters, and sections of the Internal Revenue Code of 1986, as in effect at the time the petition herein was filed. All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner commented to the District Director that he was unhappy with the plan, that he did not vote for the plan, and that it was not in his best interest. Petitioner did not note in the comment that he was dissatisfied with the form of notice he received about the pending application for determination. The IRS issued a favorable determination letter on May 5, 1998, finding that the MAIL Plan satisfied the requirements for a qualified tax-exempt retirement plan.

Petitioner filed a pleading on August 3, 1998, which the Court filed as a petition for declaratory judgment. Pursuant to the order of the Court dated October 16, 1998, petitioner filed on November 17, 1998, a pleading which was filed by the Court as an amended petition. In his pleadings, petitioner requested that the MAIL Plan be disqualified under section 401 and thus not be exempt from tax under section 501. Petitioner also requested that the plan be terminated. When the petition for declaratory judgment was filed, the address of the board of trustees of the MAIL Plan was in Houston, Texas.

Respondent subsequently filed a motion to dismiss for lack of jurisdiction on the grounds that petitioner is not an interested party and that there is no actual controversy involving the qualification of the plan.

## Discussion

Respondent's motion to dismiss for lack of jurisdiction makes the following arguments: (1) There is no "actual controversy" because petitioner fails to set forth any grounds which, if proven, would result in plan disqualification; and (2) petitioner does not qualify as an "interested party" because he has not alleged or shown that he is a present employee or that he is covered by a collective-bargaining agreement under which the MAIL Plan is maintained.

Section 7476(a) provides that this Court may exercise jurisdiction over a declaratory judgment action if there is an actual controversy involving a determination by the Secretary with respect to the initial or continuing qualification of a retirement plan, or involving a failure by the Secretary to make a determination with respect to such initial qualification or with respect to such continuing qualification if the controversy arises from a plan amendment or plan termination. See Loftus v. Commissioner, 90 T.C. 845, 855 (1988), affd. without published opinion 872 F.2d 1021 (2d Cir. 1989). Petitioner bears the burden of proving that the jurisdictional requirements of section 7476 have been met. See Rule 217(c)(1)(A)(i); Halliburton Co. v. Commissioner, 98 T.C. 88, 94 (1992).

We shall first address whether an actual controversy exists. As previously stated, in order for us to exercise jurisdiction

over a declaratory judgment action under section 7476, there must be an actual controversy involving a determination by the Secretary with respect to the initial or continuing qualification of a retirement plan.  See sec. 7476(a).

In deciding whether an actual controversy exists, we look to the standard set forth by the Supreme Court in Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).  The standard is whether, under all the facts and circumstances, there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Id.; see also Loftus v. Commissioner, supra at 856.

We have noted that an actual controversy under section 7476 generally arises from some disagreement between a petitioner and the Commissioner as to the qualified status of the plan.  See Halliburton Co. v. Commissioner, supra at 105; Loftus v. Commissioner, supra at 855-859.

We begin, therefore, by examining petitioner's arguments with respect to the qualified status of the plan.  Petitioner claims that the IRS should not have approved the plan because the rate of return is unfavorable, petitioner preferred a section 401(k) plan, and the proper notice requirements were not met.  We address his defective notice argument first.

In his comment to the District Director, petitioner did not raise the issue of defective notice. Assuming, arguendo, that in the absence of such an argument in the administrative record we can address petitioner's concern, we examine whether petitioner's complaint is grounds for disqualification of the plan. Cf. Halliburton Co. v. Commissioner, supra; Thompson v. Commissioner, 71 T.C. 32, 37 (1978). Petitioner alleges that he never saw any posted notices at his place of employment and only found out about the application pending before the IRS when he called the human resources department to inquire about the status of the MAIL Plan application. Petitioner claims that the board of trustees failed to post the requisite notice, so the plan should never have been approved; and therefore there is a disagreement between him and the IRS regarding the qualified status of the plan. Respondent, on the other hand, claims that notice was properly given, and irrespective of petitioner's claim, petitioner received actual notice of the pending application in time to file a comment with the IRS.

In general, before a determination as to the qualified status of a retirement plan can be made, notice must be given to all interested parties. See secs. 1.7476-1(a) and 1.7476-2(a), Income Tax Regs; see also Employee Retirement Income Security Act of 1974, Pub. L. 93-406, sec. 3001(a), 88 Stat. 829, 995. Notice may be given "in person, by mailing, by posting, or by printing

it in a publication of the employer or an employee organization". Sec. 1.7476-2(c)(1), Income Tax Regs.  Failure to give proper notice may result in the petition's being dismissed as premature, and the Court will not conduct a review of the plan.  See sec. 7476(b)(2); Hawes v. Commissioner, 73 T.C. 916, 921 (1980).

In the present case, petitioner does not contend that he failed to receive notice.  In fact, petitioner concedes that he did indeed receive notice in person of the pending application and filed timely comments with the District Director before the determination was made.  See sec. 1.7476-2(c)(1), Income Tax Regs.  The IRS considered petitioner's comments while the application was pending and issued a determination with respect to the plan.  Under these circumstances, we do not find that defective notice is a ground for plan disqualification, or that petitioner's filing of his petition was premature.  See sec. 7476(b)(2).  Accordingly, we do not dismiss his petition on this basis.

Petitioner also complains about the rate of return on plan assets and expresses his desire for a section 401(k) plan instead of the MAIL Plan.  Respondent contends that petitioner's arguments regarding the low rate of return and his desire to have his assets transferred into another type of plan would not result in plan disqualification and therefore do not amount to an actual controversy.

We agree with respondent that even if the plan has a low rate of return, no actual controversy exists because petitioner has not raised an issue that would put at risk the qualification of the plan under section 401.

Petitioner complains that the MAIL Plan's rate of return is unsatisfactory, and that he did not vote for this plan. There is no requirement in section 401, or in related provisions, that a retirement plan grow at a specified rate, or that its participants be satisfied with the rate of return. Likewise, there is no requirement that the plan be approved by all present employees. Thus, petitioner raises no argument that calls into question the qualified status of the plan under section 401 and related provisions.

Petitioner's primary request is that we terminate the MAIL Plan. However, section 7476 authorizes the Court only to make declarations with respect to the initial qualification, the continuing qualification, or the failure to make a determination with respect to a retirement plan. Thus, section 7476 allows us only to review the qualification of the plan. It does not afford the remedy of termination of a retirement plan.

This appears to be a dispute between petitioner and the MAIL Plan administrators. Accordingly, we find that there is no actual controversy over which we have jurisdiction under section

7476(a), and we do not address whether petitioner is an interested party.  Respondent's motion to dismiss will be granted.

<u>An appropriate order of</u>
<u>dismissal for lack of jurisdiction</u>
<u>will be entered</u>.