T.C. Memo. 2000-223


UNITED STATES TAX COURT


JOHN J. FLYNN AND JAMES H. THOMAS, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18090-99R.                    Filed July 28, 2000.


<u>Michael Samuel Gordon</u>, for petitioners.

<u>Sandra M. Jefferson</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on respondent's motion to dismiss for lack of
jurisdiction.  The issue for decision is whether petitioners are

interested parties entitled to file a petition for declaratory judgment pursuant to section 7476(b)(1).[1]

Background

The International Headquarters Pension And Beneficiaries Plan Of The International Union Of Operating Engineers (the Engineers plan), established by the International Union of Operating Engineers (the Union) in 1947, is a single employer defined benefit plan. On or about January 6, 1999, the Union filed an Application for Determination for Employee Benefit Plan (Form 5300) with the Internal Revenue Service (IRS) seeking a determination that the Engineers plan remained tax-qualified following the adoption of certain plan amendments.

Prior to filing its application, the Union issued a Notice to Interested Parties stating that it intended to seek an administrative determination respecting the continuing tax qualification of the Engineers plan. The notice was distributed to both current and former Union employees, including former employees John J. Flynn and James H. Thomas (hereinafter petitioners). Petitioners left the employ of the Union prior to January 1, 1997.

On January 26, 1999, petitioners submitted a comment letter to the IRS expressing concern that the amendments to the

---

[1] Unless otherwise indicated, section references are to sections of the Internal Revenue Code, as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

Engineers plan might violate the so-called backloading requirements of section 411(b)(1) with respect to plan participants who retired before January 1, 1997.

On October 8, 1999, the IRS issued a favorable determination letter to the Union. Petitioners did not receive a copy of the determination letter.

On December 2, 1999, petitioners filed a petition for declaratory judgment with the Court asking for a declaration under section 7476 that the Engineers plan, as amended, does not satisfy the requirements of section 401(a).[2] In response, respondent filed a motion to dismiss for lack of jurisdiction asserting that petitioners lack standing to bring this action.

Petitioners filed a notice of opposition to respondent's motion to dismiss asserting that they should be deemed to qualify as interested parties with standing to bring this action on the alternative grounds: (1) Section 1.7476-1(b), Income Tax Regs., which generally restricts interested parties to present employees, was waived as a result of the Union's having served petitioners with its Notice to Interested Parties; and (2) section 1.7476-1(b), Income Tax Regs., is invalid.

_____

[2] Although petitioners filed their petition believing that the Commissioner had failed to issue a determination letter within 270 days after the filing of the Union's application, see sec. 7476(b)(3), petitioners had in fact timely filed their petition within 91 days after the mailing of the determination letter. See sec. 7476(b)(5).

<u>Discussion</u>

Section 7476 gives the Tax Court jurisdiction to make a declaratory judgment with regard to the tax-qualified status of a retirement plan.[3]  Section 7476(b)(1) provides that only certain

---

[3]  Sec. 7476 provides, in pertinent part, as follows:

SEC. 7476. DECLARATORY JUDGMENTS RELATING TO QUALIFICATION OF CERTAIN RETIREMENT PLANS.

(a) Creation of Remedy.--In a case of actual controversy involving--

(1) a determination by the Secretary with respect to the initial qualification or continuing qualification of a retirement plan under subchapter D of chapter 1, or

(2) a failure by the Secretary to make a determination with respect to--

(A) such initial qualification, or

(B) such continuing qualification if the controversy arises from a plan amendment or plan termination,

upon the filing of an appropriate pleading, the Tax Court may make a declaration with respect to such initial qualification or continuing qualification. Any such declaration shall have the force and effect of a decision of the Tax Court and shall be reviewable as such. For purposes of this section, a determination with respect to a continuing qualification includes any revocation of or other change in a qualification.

(b) Limitations.--

(1) Petitioner.--A pleading may be filed under this section only by a petitioner who is the employer, the plan administrator, an employee who has qualified under regulations prescribed by the

(continued...)

persons, including an employee who has qualified under regulations prescribed by the Secretary, are permitted to file a pleading to initiate a proceeding for such a declaratory judgment.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction may be challenged by either party, or by the Court sua sponte, at any stage of the proceedings. See Smith v. Commissioner, 96 T.C. 10, 13-14 (1991), and cases cited therein. Petitioners bear the burden of proving that the jurisdictional requirements of section 7476 have been met. See Rule 217(c)(1)(A); Halliburton Co. v. Commissioner, 98 T.C. 88, 94 (1992).

Section 1.7476-1(b)(1), Income Tax Regs., provides the general rule that only present employees qualify as interested parties for purposes of bringing a declaratory judgment action. This general rule applies in the case of certain plan amendments. See Jones v. Commissioner, T.C. Memo. 1980-512, affd. without published opinion 676 F.2d 710 (9th Cir. 1982); sec. 1.7476-

---

[3](...continued)
Secretary as an interested party for purposes of pursuing administrative remedies within the Internal Revenue Service, or the Pension Benefit Guaranty Corporation.

1(b)(3), Income Tax Regs. The only instance in which a former employee qualifies as an interested party is in the case of a plan termination. See sec. 1.7476-1(b)(5), Income Tax Regs.

Petitioners concede that, as former employees of the Union, they do not qualify as interested parties under the controlling regulation. Petitioners nevertheless contend that, because the Union treated them as interested parties during the administrative proceedings, as evidenced by their receipt of the Notice to Interested Parties, the technical requirements of the regulations defining interested parties should be deemed waived. We disagree. In short, petitioners ignore the principle that our jurisdiction cannot be enlarged by agreement of the parties, waiver, or failure to object. See Romann v. Commissioner, 111 T.C. 273, 281 (1998); see also Smith v. Commissioner, supra at 13-14; Loftus v. Commissioner, 90 T.C. 845, 861 (1988), affd. without published opinion 872 F.2d 1021 (2d Cir. 1989). Accordingly, we hold that the Union's error in serving petitioners with a copy of the Notice to Interested Parties does not provide a basis for concluding that petitioners are interested parties in this action. See Romann v. Commissioner, supra at 281 (The Commissioner's erroneous treatment of a former employee as an interested party during the administrative process does not provide a basis for treating the former employee as an interested party for purposes of determining the taxpayer's

standing under section 7476.); Jablonski v. Commissioner, T.C. Memo. 1998-396; Jones v. Commissioner, supra.

We likewise reject petitioners' contention that section 1.7476-1(b), Income Tax Regs., is invalid. The regulation is the product of a specific congressional grant of authority to the Secretary of the Treasury set forth in section 7476(b)(1). As a legislative regulation, the provision is entitled to greater deference than an interpretive regulation promulgated under the general rule-making power vested in the Secretary by section 7805(a). See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797-798 (1994), affd. 78 F.3d 795, 798 (2d Cir. 1996). To be valid, section 1.7476-1(b), Income Tax Regs., need not be the best construction of section 7476(b)(1), only a reasonable one. See Atlantic Mut. Ins. Co. v. Commissioner, 523 U.S. 382, 389 (1998). Legislative regulations are to be given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute. See Romann v. Commissioner, supra at 281-282.

The plain language of section 7476(b)(1) reveals that Congress did not contemplate that every employee would be considered an "interested party". Moreover, the statute expressly directs the Secretary to prescribe regulations defining which employees are to be interested parties. See Romann v. Commissioner, supra at 289. In accordance with the Court's

analysis of the issue in <u>Romann v. Commissioner</u>, <u>supra</u>, we conclude that the controlling regulation is valid.[4]  In <u>Romann v. Commissioner</u>, <u>supra</u> at 288, we stated:

> the Congress entrusted the Treasury Department with the specific task of writing interested party regulations. The Treasury Department has done so.  As our analysis, <u>supra</u>, shows, in most instances only present employees of one sort or another can qualify as interested parties under the regulations.  In the case of plan terminations, the focus shifts to certain former employees and beneficiaries of deceased former employees.  Perhaps the objectives sought to be furthered by ERISA would have been better served if the Treasury Department had issued regulations more in line with petitioner's suggestion.  However, ERISA does not <u>require</u> the Treasury Department to do so, whether we focus merely on the enacted words or take into account the legislative history in order to understand the enacted words.  Under these circumstances, we shall not rewrite the authorized regulations to meet petitioner's concerns.  See <u>Newborn v. Commissioner</u>, 94 T.C. 610, 636-637 (1990).

See <u>Jablonski v. Commissioner</u>, <u>supra</u>.

Consistent with the preceding discussion, we hold that petitioners are not interested parties within the meaning of section 1.7476-1(b), Income Tax Regs.  Therefore, we shall grant respondent's Motion to Dismiss for Lack of Jurisdiction.

To reflect the foregoing,

<u>An order granting respondent's</u>

<u>Motion to Dismiss for Lack of</u>

<u>Jurisdiction will be entered</u>.

---

[4]  The Court's opinion in <u>Romann v. Commissioner</u>, 111 T.C. 273 (1998), includes an appendix comprising a detailed summary of the legislative history underlying sec. 7476.