Robert C. WENZEL, James F. Moulthrop and Donald Wilson, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, and John Hoh, Kenneth Carroll, David Greenhut, Dominic Accetta, Angelo Ferraro, and A.J. Grau, Former Trustees of the Brewery Workers Pension Fund, Appellees.

NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND, William H. Mosley, Sr., Administrator, John Delguidice, Wayne W. Woodhead, and Anthony J. Dunadee, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, and John Hoh, Kenneth Carroll, David Greenhut, Dominic Accetta, Angelo Ferraro, and A.J. Grau, Former Trustees of the Brewery Workers Pension Fund, Appellees.

NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND, William H. Mosley, Sr., Administrator, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, and John Hoh, Kenneth Carroll, David Greenhut, Dominic Accetta, Angelo Ferraro, and A.J. Grau, Former Trustees of the Brewery Workers Pension Fund, Appellees.

Nos. 1238–1240, Dockets 83–4007, 83–4009 and 83–4011.

United States Court of Appeals, Second Circuit.

Argued May 16, 1983.

Decided May 20, 1983.

Robert D. Whoriskey, New York City (Robert S. Lipton, Sharon A. Lundstrom, Curtis, Mallet-Prevost, Colt & Mosle, Andrew J. Maloney, Lawrence V. Kelly, Maloney, Viviani, Higgins & Kelly, New York City, of counsel), for appellants.

Michael J. Roach, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup and Richard Farber, Attys., Tax Div., Dept. of Justice, Washington, D.C., of counsel), for appellee I.R.S.

Bettina B. Plevan, New York City (Edward Silver, I. Philip Sipser, Elizabeth A. Alcorn, Claude I. Hersh, Robert C. Finkel, Proskauer, Rose, Goetz & Mendelsohn, Sipser, Weinstock, Harper, Dorn & Liebowitz, New York City, of counsel), for appellees Trustees of the Brewery Workers Pension Fund.

Before MANSFIELD, MESKILL and KEARSE, Circuit Judges.

PER CURIAM:

Appellants Wenzel, Moulthrop, and Wilson (No. 83–4007) petitioned the Tax Court for a declaratory judgment revoking as invalid a September 28, 1976 determination letter of the Buffalo District Director of the Internal Revenue Service to the effect that a 1973 merger of the Brewery Workers Pension Fund ("Brewery Workers Fund") into the New York State Teamsters Conference Pension and Retirement Fund ("Teamsters Fund") did not affect the qualified and tax exempt status of the merged plan and that the merger of the two funds satisfied the requirements of the Employee Retirement Income Security Act. Appellants also sought a declaration, *inter alia,* that a "partial termination" of the Brewery Workers Fund occurred within the meaning of 26 U.S.C. § 411(d)(3) prior to its merger with the Teamsters Fund, resulting in a "spin-off" of the terminated portion of the Brewery Workers Fund and relieving the Teamsters Fund of any unfunded liabilities for the terminated portion.

Appellants Mosley, *et al.* (No. 83–4009) petitioned the Tax Court for related relief, including a declaration that an October 25, 1978 letter from the Brooklyn District Director's office to the Teamsters Fund requesting the latter to give notice to participants in that fund of the September 28, 1976 determination was also invalid.

In the third related case, No. 83-4011, appellant Mosley petitioned the Tax Court

for, *inter alia,* a declaration that a December 26, 1978 letter from the Brooklyn District Director, IRS, advising the Teamsters Fund of that fund's failure to notify all "interested parties" as required by Treas. Regs., 26 C.F.R. § 1.7476-1(b), was invalid. The December 26, 1978 letter was the culmination of correspondence between the Teamsters Fund and the District Director with reference to a September 11, 1978 request by the Teamsters Fund for a determination that a partial termination of the Brewery Workers Fund had occurred prior to the effective date of the merger of the funds and no later than September 30, 1976.

■ The Tax Court held that the relief sought by appellants was "patently beyond the scope of its jurisdiction." We agree, substantially for the reasons stated by the Tax Court. The Tax Court's jurisdiction is narrowly limited to "a case of actual controversy involving—(1) a determination by the Secretary with respect to the initial qualification or continuing qualification of a retirement plan . . . or (2) a failure by the Secretary to make a determination with respect to—(A) such initial qualification, or (B) such continuing qualification if the controversy arises from a plan amendment or plan termination . . . ." I.R.C. § 7476(a). Accordingly, the Tax Court is restricted to deciding "whether the Commissioner, in making his determination, properly applied the law to the facts presented to him in the request for such determination." *Thompson v. Commissioner,* 71 T.C. 32, 36–37 (1978). In short, the Tax Court may only determine "whether a plan is, or is not, a qualified plan." S.Rep. No. 383, 93rd Cong., 2d Sess. 3, *reprinted in* 1974 U.S.Code Cong. & Ad.News 4639, 4890, 4997. The Tax Court will not engage in *de novo* factual review or consider issues not raised before the Commissioner. See *Jones v. Commissioner,* 41 T.C.M. (CCH) ¶ 37,405 at 377 (1980), *aff'd,* 676 F.2d 710 (9th Cir.1982); *Tamko Asphalt Products, Inc. v. Commissioner,* 658 F.2d 735, 738–39 (10th Cir.1981). Nor does the Tax Court have any power under § 7476 to review claims of procedural irregularity on the part of the Commissioner in making or failing to make a "determi-nation" with respect to the continuing qualification of a retirement plan under the Internal Revenue Code, provided statutory notice requirements have been satisfied. *Hawes v. Commissioner,* 73 T.C. 916 (1980).

■ Applying these basic jurisdictional limitations here, appellants did not present to the Tax Court an actual controversy with respect to a determination by the Commissioner regarding the continuing qualification of the retirement plans involved or a failure to make such a determination. See *Tamko Asphalt Products, supra,* 658 F.2d at 738. Appellants did not ask that the September 28, 1976 determination, as reaffirmed in June 1979, be reversed and that a determination be made that the merged plan be disqualified, probably because they understandably did not wish to jeopardize the tax exempt status of the Teamsters Fund. Instead appellants by letter dated September 11, 1978 requested the Commissioner to determine that there had been a "partial termination" of the Brewery Workers Fund within the meaning of § 411(d)(3) of the Internal Revenue Code of 1954 and § 1.411(d)–2(b), Income Tax Regs. However, the Commissioner, because of the difference of opinion between himself and the Teamsters Fund as to whether notice of this request was required to be given to Teamsters Fund participants, never resolved this partial termination question, which is a factual issue to be "decided in the first instance by the Commissioner." See 26 C.F.R. § 1.411(d)–2(b); *Jones v. Commissioner, supra,* ¶ 37,405 at 377–78; *Tamko, supra,* 658 F.2d at 738; *Thompson v. Commissioner, supra,* 71 T.C. at 37. Thus far the Commissioner has by his September 28, 1976 determination passed only "on the form of the plan" and since he thereafter requested the Teamsters Fund, in accordance with the 1978 Technical Advice Memorandum, to remedy the notice deficiency, no cognizable claim with respect to his 1976 determination has been presented to the Tax Court. Appellant Mosley's petition based on the Commissioner's December 26, 1978 letter (No. 83–4011) likewise failed to present any justiciable issue relating to a determination of the qualification of a retirement plan.

Thus, in the absence of any case or controversy falling within § 7476, the Tax Court lacks subject matter jurisdiction and we are forced to affirm. However, we cannot let these appeals pass without noting the enormous delay—almost seven years since the September 28, 1976 determination—and waste of administrative and judicial resources that appear to have been attributable in large measure to a procedural morass within the Commissioner's administrative framework. Although this delay also may have been caused in large part by the tactics of the Teamsters Fund in using these administrative procedures, no sound reason has been advanced for the Commissioner's taking two years to issue Technical Advice (October 25, 1978) to the effect that notice of the March 8, 1976 request for a determination should have been given to the Teamsters Fund.

Accordingly we urge that in the event of further proceedings the Commissioner and the parties, in the interest of avoiding further loss of public confidence and esteem, give top priority to a prompt determination of the issue of whether there was a partial termination of the Brewery Workers Fund.

The orders of the Tax Court are affirmed.