NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, AND JOHN HOH, KENNETH CARROLL, ANTHONY GRAU, AND ANGELO FERRARO, FORMER TRUSTEES OF THE BREWERY WORKERS PENSION FUND, RESPONDENTS

Docket Nos. 12445-85R—12449-85R.     Filed May 9, 1988.

---

[1]The cases of the following petitioners are consolidated herewith: New York State Teamsters Conference Pension and Retirement Fund by Rocco DePerno, Paul F. Bush, Jack Canzoneri, T. Edward Nolan, Curtis Gunderson, and Richard Muller, docket No. 12445-85R; Peter DeMarco, docket No. 12446-85R; Richard Carbano, docket No. 12447-85R; Richard Wisnoski, docket No. 12448-85R; and Paul Litwin, docket No. 12449-85R.

*Robert Whoriskey* and *Lawrence V. Kelly*, for the petitioners.

*Sarah Hall* and *Daniel Wiles*, for the respondent Commissioner.

*Susan Martin* and *Jacob Friedman*, for the respondent former trustees.

## OPINION

NIMS, *Judge*: These cases were heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456 of the Code.[2] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge*: Petitioners in these consolidated cases brought actions for declaratory judgment

---

[2]These cases were assigned pursuant to sec. 7456 (redesignated as sec. 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

under section 7476.[3] Petitioners in these cases are as follows:

| Docket No. | Identity | Relationship |
|---|---|---|
| 12445-85R | New York State Teamsters Conference Pension and Retirement Fund by Rocco DePerno, Paul F. Bush, Jack Canzoneri, T. Edward Nolan, Curtis Gunderson, and Richard Muller | Trustees and Plan Administrator of the New York State Teamsters Conference Pension and Retirement Fund. |
| 12446-85R | Peter DeMarco | Covered participants in the New York State Teamsters Conference Pension and Retirement Fund |
| 12447-85R | Richard Carbano | |
| 12448-85R | Richard Wisnoski | |
| 12449-85R | Paul Litwin | |

Respondents in these cases are (1) the Commissioner of Internal Revenue (hereinafter the Commissioner), and (2) John Hoh, Kenneth Carroll, Anthony Grau, and Angelo Ferraro, all of whom are former trustees of the Brewery Workers Pension Fund (hereinafter referred to as former trustees or Brewery Workers Fund trustees).[4] These cases are before the Court on the former trustees' motion to dismiss for lack of jurisdiction.

### ISSUE

The Commissioner issued a determination letter making a favorable determination as to the qualified status of the Brewery Workers Fund as in effect prior to its merger with the Teamsters Fund. The Commissioner also determined that while a partial termination of the Brewery Workers Fund occurred before full integration of the two plans, qualification was not affected, however, because participants in the fund were fully vested in their accrued benefits to the extent funded.

Petitioners allege that, in issuing the determination letter, the Commissioner "abused his discretion and acted unreasonably and arbitrarily by not determining":

[3]On May 13, 1985, petitions in 10 related cases were filed. On Oct. 9, 1985, we granted petitioners' motions to consolidate the cases into two groups of five cases each; one group consisting of docket numbers 12440-85R through 12444-85R, and the other group consisting of docket numbers 12445-85R through 12449-85R. We have filed on this same date our opinion respecting docket numbers 12440-85R through 12444-85R as *Loftus v. Commissioner*, 90 T.C. 57 (May 9, 1988).

[4]By order, dated Mar. 7, 1986, we granted the Commissioner's motion to join the former trustees as additional parties to this action.

(i) that the partial termination of the Brewery Fund between January 1, 1976 and September 30, 1976 resulted in its disqualification under the Code and regulations; and,

(ii) that the disqualified Brewery Fund could not merge for Federal tax purposes with the qualified Teamsters Fund and have the merged fund qualified under section 401 of the Code; and,

(iii) that for Federal tax purposes the consolidation of the Brewery Fund with the Teamsters Fund as of December 1, 1976, pursuant to Court order, resulted in the termination and disqualification of the Brewery Fund.

Petitioners further allege that respondent failed to make a determination with respect to the continuing qualification of the Brewery Workers Fund.

The issue in these cases is whether we should exercise our jurisdiction to issue a declaratory judgment or whether we should dismiss these cases for lack of jurisdiction.

## FACTUAL BACKGROUND

### (A) *The Merger*

The facts of these consolidated cases are not in dispute. An agreement and plan of integration (the merger agreement) was entered into in 1973 between the Brewery Workers Fund and the Teamsters Fund, which provided for a merger of the two funds. Subsequent to the merger agreement, Reingold Breweries, one of the largest employer-contributors to the Brewery Workers Fund, ceased operations. This development made the merger much less attractive to the Teamsters Fund since it dramatically reduced the Brewery Workers Fund's prospective contributions to the joint plan without a proportionate reduction in the joint plan's prospective liabilities to Brewery Workers Fund participants. Consequently, counsel for the Teamsters Fund notified counsel for the Brewery Workers Fund that, in view of the Reingold closing, the Teamsters Fund trustees had voted not to proceed with the merger.

### (B) *Initial Merger Litigation*

After the Teamsters Fund notified the Brewery Workers Fund that it intended not to proceed with the merger, the Brewery Workers Fund brought suit in the New York Supreme Court, Queens County. On April 29, 1975, the

Supreme Court granted the Brewery Workers Fund's motion for summary judgment. The court decreed that the merger agreement was valid, binding, and enforceable upon the parties thereto and directed the Teamsters Fund and its trustees to specifically perform the merger agreement. *Brewery Workers Pension Fund v. New York State Teamsters Conference Pension and Retirement Fund*, 49 A.D.2d 755, 374 N.Y.S.2d 590 (1975).

### (C) *The 1976 Application for a Determination*

Under the terms of the merger agreement, performance of the merger was conditioned upon Internal Revenue Service approval of the merger agreement. The New York Supreme Court, in ordering the Teamsters Fund to perform the agreement, specifically ordered the Teamsters Fund trustees to execute the documents necessary to request approval of the merger by the Internal Revenue Service pursuant to the provisions of the merger agreement. It appears that the Teamsters Fund trustees did not fully cooperate in obtaining a determination. Nevertheless, on March 8, 1976, counsel for the Brewery Workers Fund submitted to the District Director, Internal Revenue Service, Buffalo, New York, a request for a determination that the qualified and exempt status of the Teamsters Fund would not be affected by the merger and that the merger of the two funds met the requirements of the Employee Retirement Income Security Act (ERISA)[5] in that the Brewery Workers Fund would not terminate as a result of the merger.

By letter, dated September 28, 1976, the Buffalo District Director issued a favorable determination. On November 19, 1976, the Teamsters Fund requested that the determination letter of September 28, 1976, be revoked. In this regard, the Teamsters Fund claimed that it never filed an application for a determination, nor did it join with any other party in filing an application. Further, the Teamsters Fund argued that neither the trustees nor the participants in the Teamsters Fund had notice of the request for the determination until after the Internal Revenue Service issued the determination.

---

[5]Employee Retirement Income Security Act of 1974, Pub. L. 93-406, 93 Stat. 70.

After several conferences, the National Office of the Internal Revenue Service issued a technical advice memorandum, dated October 25, 1978, concluding that participants in the Teamsters Fund should have received notice of the ruling request that resulted in the determination letter of September 28, 1976. The memorandum further advised that the Teamsters Fund participants should now be given notice, but that the determination letter should not be withdrawn during the period within which these parties were to be afforded the opportunity to comment on the determination. Subsequently, the Teamsters Fund sent notice to its members, some of whom submitted comments with respect to the 1976 determination concerning the proposed merger. On June 9, 1979, the Internal Revenue Service ruled that its 1976 determination was proper.

### (D) *Subsequent Litigation Regarding the Merger*

The merger of the Teamsters Fund and Brewery Workers Fund has been the subject of extensive litigation in both New York State Courts and Federal Courts. This course of litigation began when the Brewery Workers Fund initially brought suit[6] complaining of the Teamsters Fund's refusal to perform the merger, and continues today in this Court and others.[7] The following is a summary of such litigation in New York and Federal Courts.

### (1) *State Court Litigation*

After the 1976 determination letter was issued, by instrument dated November 19, 1976, the Brewery Workers Fund trustees resigned effective December 1, 1976, and transferred the assets of the Brewery Workers Fund to the

---

[6]See section B, "Initial Merger Litigation," *supra.*

[7]Petitioners, in their Memorandum in Opposition to Former Brewery Trustees Motion to Dismiss, filed Feb. 20, 1987, state that a suit brought by the Brewery Workers Fund, Local 46, and various participants in the Brewery Workers Fund is currently pending in the U.S. District Court for the Eastern District of New York. Plaintiffs in that case requested that the Court temporarily and permanently enjoin the Teamsters Fund from litigating the validity of the merger and from refusing to accept contributions from certain employer-contributors. Also, plaintiffs have asked the Court to remove the trustees of the Teamsters Fund for violations of fiduciary obligations, and requested the Court to appoint a temporary receiver. In response, the Teamsters Fund has filed several counterclaims against former trustees of the Brewery Workers Fund, as well as present and former employer-contributors to that fund. According to petitioners, the Court has summarily denied the temporary restraining order and has stayed proceedings in that case pending the outcome of these consolidated cases.

Teamsters Fund trustees. The Teamsters Fund trustees refused to accept the assets assigned by the Brewery Workers Fund trustees. In addition, the Teamsters Fund trustees refused to pay benefits to or accept contributions on behalf of Brewery Workers Fund participants.

The Brewery Workers Fund accordingly sought additional relief in the New York Supreme Court. On April 12, 1977, an order and supplemental judgment was entered declaring that the Brewery Workers Fund was fully integrated with the Teamsters Fund as of December 1, 1976. The order directed the Teamsters Fund to (1) accept all assets and liabilities of the Brewery Workers Fund; (2) pay benefits and accept contributions on behalf of the Brewery Workers Fund, and (3) notify Brewery Workers Fund participants of their rights and options under the merger agreement. *Brewery Workers Pension Fund v. New York State Teamsters Conference Pension and Retirement Fund,* 62 A.D.2d 1046, 404 N.Y.S.2d 158 (1978).

Even though the order and supplemental judgment was not stayed pending the outcome of the appeals, the Teamsters Fund trustees refused to comply with the order. On September 19, 1977, the Supreme Court, Queens County, accordingly found the Teamsters Fund trustees in contempt. They were ordered to purge their contempt within 5 days.

The Teamsters Fund purged the contempt in part, but failed to properly notify Brewery Workers Fund participants of their rights and options under the merger agreement. Accordingly, the Brewery Workers Fund moved to impose further sanctions for contempt. The Teamsters Fund then filed a motion to vacate the New York Supreme Court's April 29, 1975, judgment that declared the merger agreement to be valid and binding. On October 19, 1978, the New York Supreme Court granted the Brewery Workers Fund's motion for contempt sanctions and denied the Teamsters Fund's motion to vacate the April 29, 1975, judgment.

Subsequently, in January 1980, the Teamsters Fund moved for leave to renew their motion to vacate the April 29, 1975, judgment and also sought to vacate the April 12, 1977, order and supplemental judgment. By orders, dated

July 21, 1980, and August 7, 1980, these motions were denied. The Appellate Division affirmed the orders without opinion. *Brewery Workers Pension Fund v. New York State Teamsters Conference Pension and Retirement Fund,* 80 A.D.2d 1005, 437 N.Y.S.2d 216 (1981), affd. 55 N.Y.2d 902, 449 N.Y.S.2d 24, 433 N.E.2d 1272 (1982). Again, on October 4, 1981, the Teamsters Fund moved for leave to renew its motion to vacate the 1975 order and judgment. The New York Supreme Court denied the motion and the Appellate Division affirmed that order without opinion on April 11, 1983.

In connection with litigation over the validity of the merger, the Brewery Workers Fund trustees moved for enforcement of a provision of the merger agreement requiring the Teamsters Fund to indemnify the Brewery Workers Fund trustees for costs and expenses incurred in implementing the merger agreement and protecting the interests of the Brewery Workers Fund participants. The Appellate Division declared that the Brewery Workers Fund trustees were entitled to indemnification. *Brewery Workers Pension Fund v. New York State Teamsters Conference Pension and Retirement Fund,* 76 A.D.2d 876, 428 N.Y.S.2d 726 (1980).

### (2) *Federal Court Litigation*

In January 1977, active and retired members of the Teamsters Fund commenced an action in the U.S. District Court for the Western District of New York seeking a preliminary and permanent injunction against the merger of the Brewery Workers Fund and Teamsters Fund. They also sought a declaratory judgment that the merger was invalid under ERISA. The Court denied the Teamsters Fund's motion for preliminary injunction and dismissed the complaint. *Cicatello v. Brewery Workers Pension Fund,* 434 F. Supp. 950 (W.D.N.Y. 1977), affd. without published opinion 578 F.2d 1366 (2d Cir. 1978).

Also, in January 1977, the Teamsters Fund brought suit against the Pension Benefit Guarantee Corporation (PBGC) and the Brewery Workers Fund in the U.S. District Court for the District of Columbia. In that case, the Teamsters Fund sought a declaratory judgment that the merger agreement was subject to sections 208 and 1015(c) of ERISA

and sought an injunction directing the PBGC to assert jurisdiction over the merger agreement and determine whether the merger was in violation of the standards set forth in ERISA. All parties filed motions for summary judgment. On appeal, the Court of Appeals affirmed the District Court's denial of the Teamsters Fund's motion for summary judgment and the granting of the motions by the Brewery Workers Fund and the PBGC for summary judgment. In doing so, the Court of Appeals held that ERISA was not retroactive and therefore not applicable to the dispute regarding the enforceability of the merger agreement. The Court of Appeals further held that the Teamsters Fund was barred by the doctrine of res judicata from relitigating the validity of the merger. *New York State Teamsters Conference Pension and Retirement Fund v. Pension Benefit Guarantee Corporation*, 591 F.2d 953 (D.C. Cir. 1979), cert. denied 444 U.S. 829 (1979).

In September 1981, the Teamsters Fund brought suit in the U.S. District Court for the Northern District of New York against former Brewery Workers Fund trustees, former officers of Brewery Workers Delivery Employees Local Union Number 46, and former employer-contributors to the Brewery Workers Fund, alleging that improper contributions had been made on behalf of union officers. The court granted the defendants' motions for summary judgment, finding no evidence supporting the Teamsters Fund's allegations. *New York State Teamsters Conference Pension and Retirement Fund v. Hoh*, 554 F. Supp. 519 (N.D.N.Y. 1982).

### (E) *The 1978 Application*

On September 11, 1978, a new request for a determination was submitted on behalf of the Teamsters Fund "acting * * * as successor in interest to the Brewery Workers Pension Fund." The District Director was requested to rule that before the effective date of the merger agreement, and no later than September 30, 1976, a partial termination of the Brewery Workers Fund had occurred. Notices of the September 11, 1978, determination request were sent by the Teamsters Fund to current participants, former participants with vested benefits, and beneficiaries

of deceased former participants receiving benefits in the former Brewery Workers Fund. On October 25, 1978, the District Director in Brooklyn returned the application and request of September 11, 1978, and directed the Teamsters Fund to furnish evidence that proper notice had been given to all interested parties in accordance with the technical advice memorandum issued by the National Office on that same date. The trustees of the Teamsters Fund responded that it was their position that the technical advice memorandum referred only to the September 28, 1976, determination, and not to the determination request made on September 11, 1978. By letter, dated December 26, 1978, the Brooklyn District Director's Office again advised petitioners that it was the District Director's position that all interested parties had not been notified of the request for a determination.

### (F) *Prior Tax Court Litigation*

Thereafter, petitions for declaratory judgment under section 7476 were filed in this Court, requesting us to declare that the December 26, 1978, letter was an invalid determination by the Commissioner. We dismissed those cases on the basis that (1) the refusal of the IRS to issue a determination with respect to the qualification of a retirement plan was not reviewable by the Tax Court because the refusal was based upon the absence of evidence establishing that the party requesting the ruling had given notice to all interested parties, and (2) the December 26, 1978, letter did not constitute a determination with respect to continuing qualification upon which jurisdiction can be based under section 7476(a), and therefore, the substantive issues raised by the parties with respect to a partial termination of one of two merged plans did not arise in the context of a determination as to whether the plan was qualified.[8]

### (G) *The 1983 Application*

Thereafter, the trustees of the Teamsters Fund, also claiming to act as successor trustees of the Brewery

---

[8]*New York State Teamsters Conference Pension and Retirement Fund v. Commissioner*, T.C. Memo. 1982-593, *New York State Teamsters Conference Pension and Retirement Fund v. Commissioner*, T.C. Memo. 1982-594, and *Wenzel v. Commissioner*, T.C. Memo. 1982-595, affd. on consolidated appeal *Wenzel v. Commissioner*, 707 F.2d 694 (2d Cir. 1983).

Workers Fund, filed another request for a determination, dated September 30, 1983, with the District Director, Buffalo, New York. This request purported to be a "combined request" regarding (1) the qualified status of Brewery Workers Fund, and (2) the qualified status of the Teamsters Fund.[9]

As concerns the Brewery Workers Fund, the September 30, 1983, request stated as follows:

With respect to the Brewery Fund, we request that a determination be made that in or about January 1976 (but no later than September 30, 1976), a partial termination and a complete discontinuance of contributions under the Brewery Fund had occurred, within the meaning of section 411(d)(3) and Reg. sections 1.411(d)-2(b) and 2(d), respectively, of the Internal Revenue Code of 1954, as amended, (the "Code"). We further request a determination that the Brewery Fund was not a qualified plan under Code section 401 in that (i) the plan did not provide the requisite plan language concerning the immediate non-forfeitability of accrued benefits upon the occurrence of a termination or partial termination, as required by section 411(d)(3) and Reg. section 1.411(d)-2(a)(1), nor did the plan, prior to the occurrence of the partial termination or complete discontinuance of contributions, provide for the allocation of the previously unallocated funds, pursuant to Reg. section 1.411(d)-2(a)(2); and (ii) as a consequence of the partial termination and/or complete discontinuance of contributions, as defined by Code section 411(d)(3), the plan could no longer systematically provide for payment over a period of years of the definitely determinable benefits fixed by the plan, as required by Reg. section 1.401-1(b)(1)(i). [Fn. ref. omitted.]

As concerns the Teamsters Fund, the September 30, 1983, request stated as follows:

With respect to the Teamsters Fund, we request a revocation or modification of the September 28, 1976, determination that held that the amendment to merge the Brewery Fund into the Teamsters Fund did not affect the existing qualification status of the Teamsters Fund on the grounds that (i) the determination did not consider the status of the Brewery Fund, which plan was disqualified, insolvent and partially terminated prior to the submission of the application, and (ii) the proposed amendment which provided for the transfer of the entire Brewery Fund plan without regard to that termination is not a qualified amendment, because a disqualified and terminated plan may not be resurrected by its merger with a qualifed plan (at least to the extent of the terminated portion), and by not taking the disqualification and termination into account, the proposed amendment violated the nondiver-

---

[9]*Loftus v. Commissioner,* 90 T.C. 845 (1988), concerned the request for a determination only as it related to the Brewery Workers Fund.

sion requirement of Code section 401(a)(2) with respect to the pre-merger Teamsters Fund participants and Reg. section 1.401-1(b)(1)(i) and Code section 411(d)(3) (including the regulations thereunder) with respect to the merged funds.

The Teamsters Fund trustees further requested that the Commissioner limit retroactive effect of the revocation to the disqualification of the merger amendment rather than to the entire Teamsters Fund. The reason stated for this was that "the material omissions in the application upon which the determination was based concerned the Brewery Fund and were made by a representative of that fund who unilaterally and deceptively submitted the application."

The District Director sought technical advice from the National Office with respect to the application. On June 1, 1984, the Teamsters Fund representatives attended a conference with the staff of the National Office to discuss the application. After the conference, a technical advice memorandum was issued to the District Director by the National Office. On February 12, 1985, the District Director issued a determination letter. The determination letter, which was based on the technical advice memorandum, stated as follows:

Based on the information supplied, we have made a favorable determination regarding the qualification of the Brewery Workers Pension Plan in effect prior to the merger into the New York State Teamsters Conference Pension and Retirement Fund.

This letter also concerns your request for a determination as to whether a partial termination of the Brewery Workers Pension Plan occurred within the meaning of section 411(d)(3) of the Internal Revenue Code and the regulations thereunder between January 1, 1976 and September 30, 1976, prior to the effective date of the merger agreement of the Brewery Fund into the New York State Teamsters Conference Pension and Retirement Fund.

Based on the facts submitted, we have determined that a partial termination of the Brewery Workers Pension Fund occurred between January 1, 1976, and September 30, 1976, and before the December 1, 1976, date on which the Court said the two plans were fully integrated. Even though a partial termination of the Brewery Workers Plan occurred, it required no additional vesting and had no effect on the qualification of the plan due to the fact [that] participants were fully vested in their accrued benefits to the extent funded, at the time of the partial termination.

This letter relates only to the status of your plan under the Internal Revenue Code. It is not a determination regarding the effect of other Federal or local statutes.

Thereafter, petitions in the cases before us were filed.

## OPINION

Petitioners here petition for declaratory judgment on the basis that (1) the Commissioner's determination with respect to the pre-merged Brewery Workers Fund was erroneous, and (2) the Commissioner failed to make a determination with respect to the merged Teamsters Fund. We will consider each of the arguments set forth by petitioners, separately.

### Determination Regarding the Pre-Merged Brewery Workers Fund

Section 7476(b)(1) provides that "a pleading may be filed under this section only by a petitioner who is the employer, the plan administrator, [or] an employee who has qualified under regulations * * * as an interested party for purposes of pursuing administrative remedies within the Internal Revenue Service."

### (A) Teamsters Trustees

Petitioners in docket number 12445-85R petition for declaratory relief as trustees and plan administrator of the Teamsters Fund. Petitioners appear to argue that, as plan administrator of the Teamsters Fund, they are proper parties under section 7476(b)(1) to file a petition. However, we understand "the plan administrator" referred to in section 7476(b)(1) to mean the administrator of the plan for which the determination is requested. Clearly, the determination here was requested for the Brewery Workers Fund prior to the merger. Accordingly, petitioners in their capacities as trustees and plan administrator of the Teamsters Fund are not proper parties to request declaratory relief with respect to a determination as to the qualified status of the Brewery Workers Fund. Only the specifically defined categories of interested parties may petition for declaratory relief under section 7476(b)(1). Accordingly, we find that

petitioners are statutorily barred from petitioning for declaratory relief and, therefore, lack standing to maintain this action. See *American New Covenant Church v. Commissioner,* 74 T.C. 293 (1980).[10]

## (B) *Participants in the Teamsters Fund*

Petitioners, in docket numbers 12446-85R through 12449-85R, petition as covered participants in the Teamsters Fund. They argue that they are interested parties within the meaning of section 1.7476-1(b), Income Tax Regs. Section 1.7476-1(b)(5) provides that "in the case of an adverse determination with respect to whether a plan termination affects continuing qualification, all present employees with accrued benefits under the plan, all former employees with vested benefits under the plan, and all beneficiaries of deceased former employees currently receiving benefits under the plan shall be interested parties." Petitioners rely on section 1.7476-1(c)(1) for the proposition that the status of an individual as an interested party is determined generally when notice of an application for determination is given. Thus, petitioners argue that as they were "present employees" of the Teamsters Fund at the time the 1983 application for determination was made, they are interested parties.

Clearly, the 1983 request concerned a determination with respect to the qualified status of the Brewery Workers Fund prior to the merger. Section 1.7476-1(b)(5), Income Tax Regs., makes it clear that to be an interested party, an employee must have accrued benefits (present employee), vested benefits (former employee), or be receiving benefits (beneficiary of a deceased former employee) under the plan. While petitioners may meet one of these categories with respect to the Teamsters Fund, they do not so qualify as

---

[10]See also *Jones v. Commissioner,* T.C. Memo. 1980-512. We note that the trustees and plan administrator who act herein on behalf of the New York State Teamsters Conference Pension and Retirement Fund, i.e., Rocco DePerno, Paul F. Bush, Jack Canzoneri, T. Edward Nolan, Curtis Gunderson, and Richard Muller, are the same individuals who purport to act (inter alia) as the successor trustees and plan administrator on behalf of the Brewery Workers Fund in *Loftus v. Commissioner,* involving docket numbers 12440-85R through 12444-85R. See note 3 *supra.* In *Loftus v. Commissioner,* 90 T.C. 845 (1988), we also had before us a petition for declaratory judgment that the Commissioner's determination with respect to the pre-merged Brewery Workers Fund was erroneous. No question was raised in that case concerning the trustees' status as a party petitioner under sec. 7476(b)(1).

interested parties with respect to the Brewery Workers Fund.

The legislative history of section 7476 provides that "to bring an action an individual must have been an employee of the employer during the period for which he is requesting the qualification of the plan." S. Rept. 93-383 (1974), 1974-3 C.B. 1, 194-195. Petitioners here seek a declaratory judgment with respect to the qualified status of the Brewery Workers Fund. Clearly they are not now, nor have they ever been, employees of any employer contributing to the Brewery Workers Fund.

Nevertheless, petitioners appear to argue that by reason of the merger, employees participating in the Teamsters Fund are interested parties with respect to the Brewery Workers Fund, despite the fact that such employees have never participated in the Brewery Workers Fund. It is clear that under section 7476, an interested party with respect to a plan must have vested or accrued benefits, or be receiving benefits under that plan. Petitioners do not now have, nor have they ever had, such interests under the Brewery Workers Fund.

Our jurisdiction is statutory and cannot be enlarged by the actions of the parties. See *Freedman v. Commissioner,* 71 T.C. 564 (1979). Under section 7476, only specifically defined categories of interested parties may petition this Court for declaratory relief. Petitioners, participants in the Teamsters Fund, are not interested parties with respect to a determination as to the qualified status of the Brewery Workers Fund. Accordingly, petitioners are statutorily barred from petitioning for declaratory relief, and therefore, lack standing to maintain this action. See *American New Covenant Church v. Commissioner, supra.*[11]

### Failure To Make a Determination
### With Respect to the Teamsters Fund

Section 7476(a) provides that a party may request declaratory relief where the Commissioner fails to make a determination with respect to the initial or continuing qualification of a retirement plan if the controversy arises

---

[11]See also *Jones v. Commissioner, supra.*

from a plan amendment or termination. Petitioners, with respect to the portion of the request for a determination as relates to the Teamsters Fund, argue that the Commissioner failed to make a determination.

Regarding the Teamsters Fund, petitioners in their request for a determination, requested "a revocation or modification of the September 28, 1976, determination that held that the amendment to merge the Brewery Fund into the Teamsters Fund did not affect the existing qualified status of the Teamsters Fund." The February 12, 1985, determination, on the other hand, held that the Brewery Workers Fund was qualified prior to its merger and that the partial termination of that Fund did not negatively affect its qualified status. We find that a request for modification or revocation of a determination resulting from a wholly different ruling request than that upon which jurisdiction is based is not such a request for a determination as would form the basis for jurisdiction under section 7476. See *New York State Teamsters Conference Pension and Retirement Fund v. Commissioner*, T.C. Memo. 1982-594, affd. sub nom. *Wenzel v. Commissioner*, 707 F.2d 694 (2d Cir. 1983).

Section 7476 grants jurisdiction only in narrowly defined circumstances. See *Thompson v. Commissioner*, 71 T.C. 32 (1978); *Sheppard & Meyers, Inc. v. Commissioner*, 67 TC. 26 (1976). It requires that there be a determination or failure to make a determination *with respect to initial or continuing qualification* of a retirement plan. Petitioners' attempt to challenge the 1976 determination though the 1983 request for a determination does not constitute a request for a determination which may form the basis for jurisdiction under section 7476. See *New York State Teamsters Conference Pension and Retirement Fund v. Commissioner, supra.*

Although petitioners have characterized their request as a request for a determination as to the qualified status of the Teamsters Fund, it is clear that the gravamen of their request is that the Brewery Workers Fund as it existed prior to the merger be declared as not qualified for special tax treatment. This is clearly demonstrated by petitioners' request that the revocation or modification of the 1976 determination be limited to the merger amendment, not the

entire Teamsters Fund. We view this request as a "backdoor" request for a determination that the Brewery Workers Fund, as it existed prior to the merger, was not qualified. We have already decided that petitioners have no standing to request declaratory relief as to a determination concerning the qualified status of the Brewery Workers Fund.[12] For the reasons stated herein, respondent former trustees' motion to dismiss for lack of jurisdiction will be granted.

*An appropriate order will be entered.*

---

[12]See note 10 *supra,* and compare *Loftus v. Commissioner,* 90 T.C. 845 (1988).

