143 T.C. No. 21

 UNITED STATES TAX COURT

 RSW ENTERPRISES, INC., Petitioner v.
 COMMISSIONER OF INTERNAL REVENUE, Respondent

 KEY LIME INVESTMENTS, INC., Petitioner v.
 COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 14820-11R, 14821-11R. Filed November 26, 2014.

 Ps, domestic corporations, each established a retirement plan
and received a favorable determination letter from the IRS regarding
the plans’ qualified status under I.R.C. sec. 401(a). The IRS later
revoked the plans’ qualified status on the basis that each plan failed to
satisfy the coverage requirements of I.R.C. secs. 401(a)(3) and 410(b)
and also failed to satisfy the minimum participation requirements of
I.R.C. sec. 401(a)(26). Ps petitioned requesting declaratory
judgments that the plans’ qualified status should not have been
revoked. R seeks summary judgment in his favor.

 Held: R’s motion for summary judgment will be denied
because genuine disputes of material fact remain.

 Held, further, the Court is not limited to considering the
administrative record alone in a proceeding concerning a revocation
 -2-

 where the parties disagree as to whether the administrative record
 contains all the relevant facts and as to whether those facts are in
 dispute.

 June Waage (an officer), for petitioners.

 Shawn P. Nowlan, for respondent.

 OPINION

 BUCH, Judge: Petitioners are before the Court seeking declaratory

judgments as to the revocation of their retirement plans’ qualified status under

section 401.1 After initially issuing favorable determinations, the IRS issued

subsequent revocation letters stating that the plans did not qualify under section

401(a) because the plans did not meet the coverage requirements of sections

401(a)(3) and 410(b) and also failed to satisfy the minimum participation

requirements of section 401(a)(26). Respondent filed a motion for summary

judgment and a supporting memorandum. Petitioners oppose the motion and filed

a response and a supporting memorandum. After viewing the facts in the light

 1
 Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.
 -3-

most favorable to petitioners as the nonmoving parties, we will deny respondent’s

motion because genuine disputes of material fact still remain.

 Background

 The following facts are not in dispute and are stated solely for the purpose

of deciding respondent’s motion for summary judgment. These are not findings of

fact for this case. See Estate of Roski v. Commissioner, 128 T.C. 113, 115 (2007);

see also Estate of Kahn v. Commissioner, 125 T.C. 227, 228 (2005) (citing Fed. R.

Civ. P. 52(a) and Lakewood Assocs. v. Commissioner, T.C. Memo. 1995-552).

 Scott and June Waage were husband and wife at all relevant times, and

either one or both of them were involved in all of the relevant entities. Mr. Waage

was the sole shareholder, CEO/president, chief financial officer, and secretary of

the Waage Law Firm from its incorporation until its dissolution after the years in

issue. The Waage Law Firm employed tax attorneys, certified public accountants,

actuaries, paralegals, and accountants. The Waage Law Firm provided a section

401(k) plan for its employees. From 2001 through 2007 the section 401(k) plan

offered coverage to between 10 and 31 eligible employees.

 RSW Enterprises, Inc., is a California corporation organized in June 1999.

Ms. Waage is the president, secretary, and chief financial officer, and Mr. Waage

is the vice president. RSW provided real estate and marketing services to the
 -4-

Waage Law Firm. All of RSW’s stock is owned by the RSW Irrevocable Trust,

U.T.D. Ms. Waage, as the settlor of the RSW Irrevocable Trust, transferred the

stock into the trust, the beneficiaries of which are the siblings of Ms. Waage. Ms.

Waage’s sister is the trustee.

 RSW adopted the RSW Enterprises, Inc. Defined Benefit Pension Plan

(RSW plan). The IRS issued a favorable determination letter dated August 27,

2002, regarding the RSW plan. During each year in issue RSW contributed

money to the RSW plan and deducted the contributed amount on its return.

During those years Mr. and Mrs. Waage were the only plan participants.

 Key Lime Investments, Inc., is a Nevada corporation organized in December

2001. Ms. Waage is the president, secretary, and chief financial officer, and Mr.

Waage is the vice president. Key Lime licensed intellectual property to the Waage

Law Firm. All of Key Lime’s stock is owned by the Key Lime Irrevocable Trust,

U.T.D. Ms. Waage, as the settlor of the Key Lime Irrevocable Trust, transferred

the stock into the trust, the beneficiaries of which are the siblings of Ms. Waage.

Ms. Waage’s sister is the trustee.

 Key Lime adopted the Key Lime, Inc. 412(i) Defined Benefit Pension Plan

(Key Lime plan). The IRS issued a favorable determination letter dated August

27, 2004, regarding the Key Lime plan. During each year in issue Key Lime
 -5-

contributed money to the Key Lime plan and deducted the contributed amount on

its return. During those years Mr. and Mrs. Waage were the only plan

participants.

 The IRS issued revocation letters regarding both the RSW plan and the Key

Lime plan. On April 5, 2011, the IRS mailed RSW a final revocation letter

notifying it that the RSW plan did not meet the qualification requirements of

section 401(a) for the plan year ending June 30, 2002, and all subsequent plan

years. The IRS issued a similar letter on the same day to Key Lime notifying it

that the Key Lime plan did not meet the qualification requirements of section

401(a) for the plan year ending November 30, 2002, and all subsequent plan years.

In essence, the IRS asserts that the Waages are the true owners of both RSW and

Key Lime and that because Mr. Waage owns the Waage Law Firm, all three

entities are all part of the same controlled group. The IRS also asserts that RSW,

Key Lime, and the Waage Law Firm are part of the same affiliated service group

because the Waages own RSW and Key Lime and a significant portion of RSW’s

and Key Lime’s business is the performance of services for the Waage Law Firm.

Accordingly, because the Waages were the only participants in the RSW plan and

the Key Lime plan and the plans were not offered to the employees of the Waage

Law Firm, the plans were no longer qualified under section 401(a). Both RSW
 -6-

and Key Lime, while maintaining their principal places of business in California,

petitioned this Court. These cases were later consolidated.

 Discussion

I. Summary Judgment

 The purpose of summary judgment is to avoid unnecessary and expensive

trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). However,

summary judgment is not a substitute for trial, and it should not be invoked in

proceedings where there are disputed facts. Shiosaki v. Commissioner, 61 T.C.

861, 862 (1974). Summary judgment may be granted “if the pleadings, answers to

interrogatories, depositions, admissions, and any other acceptable materials,

together with the affidavits or declarations, if any, show that there is no genuine

dispute as to any material fact and that a decision may be rendered as a matter of

law.” Rule 121(b).

 The party moving for summary judgment bears the burden of demonstrating

that a genuine dispute does not exist as to any material fact. Sundstrand Corp. v.

Commissioner, 98 T.C. 518, 520 (1992), aff’d, 17 F.3d 965 (7th Cir. 1994).

Because the moving party bears this burden, any factual inferences will be treated

in a manner that is most favorable to the nonmoving party. Dahlstrom v.

Commissioner, 85 T.C. 812, 821 (1985). While the burden falls on the moving
 -7-

party, the nonmoving party “may not rest upon the mere allegations or denials of

such party’s pleading, but such party’s response * * * must set forth specific facts

showing that there is a genuine dispute for trial.” Rule 121(d). The question of

whether there is a dispute for trial in this declaratory judgment proceeding

concerning a plan revocation is further complicated by another issue: whether we

can go beyond the administrative record.

II. Tax Court Jurisdiction

 Section 401(a) provides the requirements that must be met for a trust

forming part of a stock bonus, pension, or profit-sharing plan to be eligible for

favorable tax treatment. This Court has jurisdiction to issue a declaratory

judgment with respect to a determination by the Secretary regarding the initial or

continuing qualification of a retirement plan under section 401(a). Sec. 7476(a).

A determination relating to a continuing qualification includes a revocation. Id.

 Both parties point us to Rule 217. Rule 217(b)(2) provides that resolution

by summary judgment may be appropriate in actions for declaratory judgment.

And respondent argues that summary judgment is appropriate because our review

is limited to the administrative record. Respondent cites Stepnowski v.

Commissioner, 124 T.C. 198 (2005), aff’d, 456 F.3d 320 (3d Cir. 2006) as support

for the proposition that we are limited to the administrative record; however,
 -8-

respondent’s position is contradicted by our Rules, which provide that disposition

of an action for declaratory judgment involving a revocation “may be made on the

basis of the administrative record alone only where the parties agree that such

record contains all the relevant facts and that such facts are not in dispute.” Rule

217(a) (emphasis added). Because Stepnowski did not involve a revocation, it is

not controlling here.

 In Stepnowski, a corporation requested a determination letter after

amending its plan to comply with a change in the law. The corporation received a

favorable determination, but a plan participant petitioned this Court in response to

the favorable determination because that participant believed that the amendment

was an impermissible cutback. Although the parties stipulated to the

administrative record, the plan participant sought to conduct additional discovery.

In discussing the Court’s rationale in denying the request, the Court stated:

 The legislative history of section 7476 makes clear that Congress did
 not expect the Court to conduct a trial de novo in declaratory
 judgment actions arising under that section, no matter whether that
 action arose with respect to the initial qualification or the continuing
 qualification of a retirement plan. See Tamko Asphalt Prods., Inc. v.
 Commissioner, 658 F.2d 735, 738-739 (10th Cir. 1981), affg. 71 T.C.
 824 (1979); H. Rept. 93-807, at 108 (1974), 1974-3 C.B. (Supp.) 236,
 343; S. Rept. 93-383, at 114 (1973), 1974-3 C.B. (Supp.) 80, 193; see
 also Wenzel v. Commissioner, * * * [707 F.2d 694, 696 (2d Cir.
 1983), aff’g T.C. Memo. 1982-595]. Therefore, discovery or
 -9-

 introduction of extrinsic evidence in such cases is inconsistent with
 the legislative intent that such cases be resolved without a trial based
 solely on the materials contained in the administrative record. * * *

Stepnowski v. Commissioner, 124 T.C. at 206.

 Consistent with Stepnowski, absent good cause (for example, when the

administrative record is incomplete) we limit ourselves to the administrative

record in cases involving the initial qualification of a retirement plan or the initial

qualification or classification of an exempt organization, private foundation, or

private operating foundation. Rule 217(a). While the presumption in those cases

is that we are limited to the administrative record, the presumption contemplated

by our Rule is the opposite in the case of a revocation. In cases involving a

revocation, we are limited to the administrative record “only where the parties

agree that such record contains all the relevant facts and that such facts are not in

dispute.” Id. When promulgating this Rule, we went so far as to highlight the

distinction in our notes to the Rule, stating:

 The distinction in treatment under this Rule for cases involving
 a revocation results from the difference in processing of such cases by
 the Internal Revenue Service, which usually bases its determination
 of revocation on its own investigation rather than by accepting the
 facts asserted by the applicant and which go into the administrative
 record in other cases. * * *
 - 10 -

Rule 217(a) note, 68 T.C. 1048. We made this distinction because “[i]n those

cases, there may be unresolved factual disputes”. Rule 213(b) note, 68 T.C. 1045.

“A trial, therefore, may be necessary to resolve these factual disputes.” Rule

213(a) note, 68 T.C. 1043.

 In short, a revocation case typically involves an audit and likely involves

fact disputes, as is the case here. And because this case involves a revocation, we

presumptively can go beyond the administrative record. Cf. Animal Prot. Inst.,

Inc. v. United States, 1978 U.S. Ct. Cl. LEXIS 804, 1978 WL 4201 (Ct. Cl. 1978);

Partners in Charity, Inc. v. Commissioner, 141 T.C. 151, 161-162 (2013).

 Neither Stepnowski nor the cases it cites fall within this latter rule for the

simple reason that they do not involve plan revocations. As discussed above, in

Stepnowski, the plan was held by the IRS to continue to qualify; it did not involve

a revocation. Likewise, in Wenzel v. Commissioner, 707 F.2d at 695, the plan

participants challenged the IRS’ favorable determination as to the plan’s

continuing qualification after a merger; it did not involve a revocation. Tamko

Asphalt Prods., Inc. v. Commissioner, 658 F.2d at 736-739, involved an initial

determination that the plan at issue did not qualify. In short, neither Stepnowski

nor the cases it relied upon addressed the question of a plan revocation.
 - 11 -

 The instant cases present a revocation, the situation in which Rule 217(a)

contemplates going beyond the administrative record. RSW and Key Lime argue

that the Waage Law Firm, RSW, and Key Lime are not one controlled group

because the Waages did not own the stock of RSW and Key Lime because the

trusts owned the stock. Respondent counters that the trusts are shams and the

Waages are the true owners of RSW and Key Lime. RSW and Key Lime further

argue that they are not an affiliated service group with the Waage Law Firm

because they did not perform the necessary activities to be considered part of such

a group and because the record does not support such a finding. Again,

respondent disagrees.

 Although RSW and Key Lime do not dispute the genuineness of the items in

the administrative record, they maintain that the administrative record contains

facts that are conflicting and in dispute. Further, respondent’s own motion states

that respondent lacks evidence regarding the actions of the trustee and the stock

transfers. The filings from RSW and Key Lime indicate that such evidence is

available. Nothing in our Rules precludes RSW and Key Lime from producing

this evidence or using it at trial.

 Accordingly, when viewing factual inferences in the light most favorable to

RSW and Key Lime as the nonmoving parties, we find that genuine disputes of
 - 12 -

material fact exist. The parties argue about the meaning of Rule 217. We hold

that under that Rule, we are not limited to the administrative record in this

proceeding concerning plan revocations because the parties do not agree that the

administrative record contains all of the relevant facts and that those facts are not

in dispute.

 To reflect the foregoing,

 An appropriate order will be issued

 denying respondent’s motion.