RSW Enterprises, Inc., Petitioner *v*. Commissioner of Internal Revenue, Respondent

Key Lime Investments, Inc., Petitioner *v*. Commissioner of Internal Revenue, Respondent

Docket Nos. 14820–11R, 14821–11R. Filed November 26, 2014.

Ps, domestic corporations, each established a retirement plan and received a favorable determination letter from the IRS regarding the plan's qualified status under I.R.C. sec. 401(a). The IRS later revoked the plans' qualified status on the basis that each plan failed to satisfy the coverage requirements of I.R.C. secs. 401(a)(3) and 410(b) and also failed to satisfy the minimum participation requirements of I.R.C. sec. 401(a)(26). Ps petitioned requesting declaratory judgments that the plans' qualified status should not have been revoked. R seeks summary judgment in his favor. *Held*: R's motion for summary judgment will be denied because genuine disputes of

material fact remain. *Held*, *further*, the Court is not limited to considering the administrative record alone in a proceeding concerning a revocation where the parties disagree as to whether the administrative record contains all the relevant facts and as to whether those facts are in dispute.

June Waage (an officer), for petitioners.
*Shawn P. Nowlan*, for respondent.

### OPINION

BUCH, *Judge*: Petitioners are before the Court seeking declaratory judgments as to the revocation of their retirement plans' qualified status under section 401.[1] After initially issuing favorable determinations, the IRS issued subsequent revocation letters stating that the plans did not qualify under section 401(a) because the plans did not meet the coverage requirements of sections 401(a)(3) and 410(b) and also failed to satisfy the minimum participation requirements of section 401(a)(26). Respondent filed a motion for summary judgment and a supporting memorandum. Petitioners oppose the motion and filed a response and a supporting memorandum. After viewing the facts in the light most favorable to petitioners as the nonmoving parties, we will deny respondent's motion because genuine disputes of material fact still remain.

### *Background*

The following facts are not in dispute and are stated solely for the purpose of deciding respondent's motion for summary judgment. These are not findings of fact for this case. *See Estate of Roski v. Commissioner*, 128 T.C. 113, 115 (2007); *see also Estate of Kahn v. Commissioner*, 125 T.C. 227, 228 (2005) (citing Fed. R. Civ. P. 52(a) and *Lakewood Assocs. v. Commissioner*, T.C. Memo. 1995–552).

Scott and June Waage were husband and wife at all relevant times, and either one or both of them were involved in all of the relevant entities. Mr. Waage was the sole shareholder, CEO/president, chief financial officer, and secretary of the Waage Law Firm from its incorporation until its dis-

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

solution after the years in issue. The Waage Law Firm employed tax attorneys, certified public accountants, actuaries, paralegals, and accountants. The Waage Law Firm provided a section 401(k) plan for its employees. From 2001 through 2007 the section 401(k) plan offered coverage to between 10 and 31 eligible employees.

RSW Enterprises, Inc., is a California corporation organized in June 1999. Ms. Waage is the president, secretary, and chief financial officer, and Mr. Waage is the vice president. RSW provided real estate and marketing services to the Waage Law Firm. All of RSW's stock is owned by the RSW Irrevocable Trust, U.T.D. Ms. Waage, as the settlor of the RSW Irrevocable Trust, transferred the stock into the trust, the beneficiaries of which are the siblings of Ms. Waage. Ms. Waage's sister is the trustee.

RSW adopted the RSW Enterprises, Inc. Defined Benefit Pension Plan (RSW plan). The IRS issued a favorable determination letter dated August 27, 2002, regarding the RSW plan. During each year in issue RSW contributed money to the RSW plan and deducted the contributed amount on its return. During those years Mr. and Ms. Waage were the only plan participants.

Key Lime Investments, Inc., is a Nevada corporation organized in December 2001. Ms. Waage is the president, secretary, and chief financial officer, and Mr. Waage is the vice president. Key Lime licensed intellectual property to the Waage Law Firm. All of Key Lime's stock is owned by the Key Lime Irrevocable Trust, U.T.D. Ms. Waage, as the settlor of the Key Lime Irrevocable Trust, transferred the stock into the trust, the beneficiaries of which are the siblings of Ms. Waage. Ms. Waage's sister is the trustee.

Key Lime adopted the Key Lime, Inc. 412(i) Defined Benefit Pension Plan (Key Lime plan). The IRS issued a favorable determination letter dated August 27, 2004, regarding the Key Lime plan. During each year in issue Key Lime contributed money to the Key Lime plan and deducted the contributed amount on its return. During those years Mr. and Mrs. Waage were the only plan participants.

The IRS issued revocation letters regarding both the RSW plan and the Key Lime plan. On April 5, 2011, the IRS mailed RSW a final revocation letter notifying it that the RSW plan did not meet the qualification requirements of sec-

tion 401(a) for the plan year ending June 30, 2002, and all subsequent plan years. The IRS issued a similar letter on the same day to Key Lime notifying it that the Key Lime plan did not meet the qualification requirements of section 401(a) for the plan year ending November 30, 2002, and all subsequent plan years. In essence, the IRS asserts that the Waages are the true owners of both RSW and Key Lime and that because Mr. Waage owns the Waage Law Firm, all three entities are all part of the same controlled group. The IRS also asserts that RSW, Key Lime, and the Waage Law Firm are part of the same affiliated service group because the Waages own RSW and Key Lime and a significant portion of RSW's and Key Lime's business is the performance of services for the Waage Law Firm. Accordingly, because the Waages were the only participants in the RSW plan and the Key Lime plan and the plans were not offered to the employees of the Waage Law Firm, the plans were no longer qualified under section 401(a). Both RSW and Key Lime, while maintaining their principal places of business in California, petitioned this Court. These cases were later consolidated.

## Discussion

### I. *Summary Judgment*

The purpose of summary judgment is to avoid unnecessary and expensive trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). However, summary judgment is not a substitute for trial, and it should not be invoked in proceedings where there are disputed facts. *Shiosaki v. Commissioner*, 61 T.C. 861, 862 (1974). Summary judgment may be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b).

The party moving for summary judgment bears the burden of demonstrating that a genuine dispute does not exist as to any material fact. *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Because the moving party bears this burden, any factual inferences will be treated in a manner that is most favorable

to the nonmoving party. *Dahlstrom v. Commissioner*, 85 T.C. 812, 821 (1985). While the burden falls on the moving party, the nonmoving party "may not rest upon the mere allegations or denials of such party's pleading, but such party's response * * * must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d). The question of whether there is a dispute for trial in this declaratory judgment proceeding concerning a plan revocation is further complicated by another issue: whether we can go beyond the administrative record.

## II. *Tax Court Jurisdiction*

Section 401(a) provides the requirements that must be met for a trust forming part of a stock bonus, pension, or profit-sharing plan to be eligible for favorable tax treatment. This Court has jurisdiction to issue a declaratory judgment with respect to a determination by the Secretary regarding the initial or continuing qualification of a retirement plan under section 401(a). Sec. 7476(a). A determination relating to a continuing qualification includes a revocation. *Id.*

Both parties point us to Rule 217. Rule 217(b)(2) provides that resolution by summary judgment may be appropriate in actions for declaratory judgment. And respondent argues that summary judgment is appropriate because our review is limited to the administrative record. Respondent cites *Stepnowski v. Commissioner*, 124 T.C. 198 (2005), *aff'd*, 456 F.3d 320 (3d Cir. 2006), as support for the proposition that we are limited to the administrative record; however, respondent's position is contradicted by our Rules, which provide that disposition of an action for declaratory judgment involving a revocation "may be made on the basis of the administrative record alone *only* where the parties agree that such record contains all the relevant facts and that such facts are not in dispute." Rule 217(a) (emphasis added). Because *Stepnowski* did not involve a revocation, it is not controlling here.

In *Stepnowski*, a corporation requested a determination letter after amending its plan to comply with a change in the law. The corporation received a favorable determination, but a plan participant petitioned this Court in response to the favorable determination because that participant believed

that the amendment was an impermissible cutback. Although the parties stipulated to the administrative record, the plan participant sought to conduct additional discovery. In discussing the Court's rationale in denying the request, the Court stated:

> The legislative history of section 7476 makes clear that Congress did not expect the Court to conduct a trial de novo in declaratory judgment actions arising under that section, no matter whether that action arose with respect to the initial qualification or the continuing qualification of a retirement plan. See *Tamko Asphalt Prods., Inc. v. Commissioner*, 658 F.2d 735, 738–739 (10th Cir. 1981), affg. 71 T.C. 824 (1979); H. Rept. 93–807, at 108 (1974), 1974–3 C.B. (Supp.) 236, 343; S. Rept. 93–383, at 114 (1973), 1974–3 C.B. (Supp.) 80, 193; see also *Wenzel v. Commissioner*, * * * [707 F.2d 694, 696 (2d Cir. 1983), *aff'g* T.C. Memo. 1982–595]. Therefore, discovery or introduction of extrinsic evidence in such cases is inconsistent with the legislative intent that such cases be resolved without a trial based solely on the materials contained in the administrative record. * * * [*Stepnowski v. Commissioner*, 124 T.C. at 206.]

Consistent with *Stepnowski*, absent good cause (for example, when the administrative record is incomplete) we limit ourselves to the administrative record in cases involving the initial qualification of a retirement plan or the initial qualification or classification of an exempt organization, private foundation, or private operating foundation. Rule 217(a). While the presumption in those cases is that we are limited to the administrative record, the presumption contemplated by our Rule is the opposite in the case of a revocation. In cases involving a revocation, we are limited to the administrative record "only where the parties agree that such record contains all the relevant facts and that such facts are not in dispute." *Id.* When promulgating this Rule, we went so far as to highlight the distinction in our notes to the Rule, stating:

> The distinction in treatment under this Rule for cases involving a revocation results from the difference in processing of such cases by the Internal Revenue Service, which usually bases its determination of revocation on its own investigation rather than by accepting the facts asserted by the applicant and which go into the administrative record in other cases. * * * [Rule 217(a) note, 68 T.C. 1048.]

We made this distinction because "[i]n those cases, there may be unresolved factual disputes". Rule 213(b) note, 68 T.C.

1045. "A trial, therefore, may be necessary to resolve these factual disputes." Rule 213(a) note, 68 T.C. 1043.

In short, a revocation case typically involves an audit and likely involves fact disputes, as is the case here. And because this case involves a revocation, we presumptively can go beyond the administrative record. *Cf. Animal Prot. Inst., Inc. v. United States*, 1978 U.S. Ct. Cl. LEXIS 804, 1978 WL 4201 (Ct. Cl. 1978); *Partners in Charity, Inc. v. Commissioner*, 141 T.C. 151, 161–162 (2013).

Neither *Stepnowski* nor the cases it cites fall within this latter rule for the simple reason that they do not involve plan revocations. As discussed above, in *Stepnowski*, the plan was held by the IRS to continue to qualify; it did not involve a revocation. Likewise, in *Wenzel v. Commissioner*, 707 F.2d at 695, the plan participants challenged the IRS' favorable determination as to the plan's continuing qualification after a merger; it did not involve a revocation. *Tamko Asphalt Prods., Inc. v. Commissioner*, 658 F.2d at 736–739, involved an initial determination that the plan at issue did not qualify. In short, neither *Stepnowski* nor the cases it relied upon addressed the question of a plan revocation.

The instant cases present a revocation, the situation in which Rule 217(a) contemplates going beyond the administrative record. RSW and Key Lime argue that the Waage Law Firm, RSW, and Key Lime are not one controlled group because the Waages did not own the stock of RSW and Key Lime because the trusts owned the stock. Respondent counters that the trusts are shams and the Waages are the true owners of RSW and Key Lime. RSW and Key Lime further argue that they are not an affiliated service group with the Waage Law Firm because they did not perform the necessary activities to be considered part of such a group and because the record does not support such a finding. Again, respondent disagrees.

Although RSW and Key Lime do not dispute the genuineness of the items in the administrative record, they maintain that the administrative record contains facts that are conflicting and in dispute. Further, respondent's own motion states that respondent lacks evidence regarding the actions of the trustee and the stock transfers. The filings from RSW and Key Lime indicate that such evidence is available.

Nothing in our Rules precludes RSW and Key Lime from producing this evidence or using it at trial.

Accordingly, when viewing factual inferences in the light most favorable to RSW and Key Lime as the nonmoving parties, we find that genuine disputes of material fact exist. The parties argue about the meaning of Rule 217. We hold that under that Rule, we are not limited to the administrative record in this proceeding concerning plan revocations because the parties do not agree that the administrative record contains all of the relevant facts and that those facts are not in dispute.

To reflect the foregoing,

> *An appropriate order will be issued denying respondent's motion.*