T.C. Memo. 2015-166

UNITED STATES TAX COURT

CHRIS JOHN SCHUMACHER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28267-13L.                    Filed August 24, 2015.

Chris John Schumacher, pro se.

<u>Ric D. Hulshoff</u>, for respondent.

MEMORANDUM OPINION

BUCH, <u>Judge</u>:  This collection due process (CDP) case is calendared for

trial during the Court's trial session beginning September 28, 2015, in Las Vegas,

Nevada.  Mr. Schumacher seeks withdrawal of a lien; the Internal Revenue

Service (IRS) has already placed his case in "currently not collectible" status.  On

**[*2]** May 20, 2015, respondent filed a motion for summary judgment under Rule 121[1] and a supporting declaration with exhibits.  Subsequently, Mr. Schumacher filed an opposition to the motion for summary judgment, arguing that the motion should be denied on the basis of general allegations that the lien interferes with his finding gainful employment.  Because respondent has shown that there is no genuine dispute as to any material fact and petitioner has failed to show otherwise, we will grant respondent's motion.

Background

Mr. Schumacher failed to timely file Form 1040, U.S. Individual Income Tax Return, for 2007.  Subsequently, respondent prepared a substitute for return under section 6020(b) and issued a statutory notice of deficiency to Mr. Schumacher.

Mr. Schumacher disputed the deficiency and timely petitioned the Tax Court.  On March 13, 2012, a trial was held in Schumacher v. Commissioner, T.C. Dkt. No. 7803-11 (Mar. 22, 2012) (bench opinion), in Las Vegas, Nevada.  After reviewing the evidence, receiving the parties' concessions, and hearing oral testimony from Mr. Schumacher, the Court rendered a bench opinion sustaining

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] respondent's determination on the remaining issues and entered an order and decision reflecting the deficiency amount and the addition to tax under section 6651(a)(1).[2]

Following assessment, the IRS began collection efforts. Respondent timely mailed Mr. Schumacher a copy of Form 668(Y)(c), Notice of Federal Tax Lien (NFTL), notifying him of respondent's lien filing stemming from an unpaid 2007 tax liability. Respondent also mailed Mr. Schumacher a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.

In response Mr. Schumacher timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request). On the request Mr. Schumacher marked "I Cannot Pay Balance" as a collection alternative. With respect to the lien, Mr. Schumacher marked "Subordination"

---

[2]Although respondent claimed in his motion for summary judgment that Mr. Schumacher had agreed to the additional tax assessment following an examination, that claim was in error. In fact, the tax was assessed after this Court entered an order and decision. With his motion, respondent included a Certificate of Assessments, Payments, and Other Specified Matters transcript that shows both a statutory notice of deficiency and a legal suit, as well as an "additional tax assessed by examination agreed audit deficiency prior to 30 or 60 day letter". That inconsistency likely explains respondent's error in his motion. But we will take judicial notice of the proceeding in Schumacher v. Commissioner, T.C. Dkt. No. 7803-11 (Mar. 22, 2012) (bench opinion), in which a decision was entered concerning Mr. Schumacher's 2007 tax liability. See Rule 143; Fed. R. Evid. 201; see also sec. 7453; Fed. R. Evid. 1101.

[*4] because of "child support". Mr. Schumacher neither requested lien withdrawal nor disputed the underlying liability. The settlement officer mailed Mr. Schumacher a letter confirming receipt of the CDP hearing request.

The settlement officer scheduled a telephone conference for September 26, 2013, and requested various documents including tax returns and a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting documents. That letter was returned by the U.S. Postal Service. Using the address provided on the return label, which was also the address that Mr. Schumacher provided on his CDP hearing request form, the settlement officer mailed another letter requesting that Mr. Schumacher complete Form 8822, Change of Address. The settlement officer also mailed Mr. Schumacher a followup letter asking that he provide the requested information by October 10, 2013. The settlement officer stated that if Mr. Schumacher did not send the requested information, the IRS Appeals Office would issue a determination letter. Mr. Schumacher did not provide any further information to the IRS other than a fax stating that he could not provide the information within 14 days as the letter had requested. On November 4, 2013, the settlement officer issued the Notice of Determination Concerning Collection Action(s) Under

[*5] Section 6320 sustaining the lien filing because Mr. Schumacher had failed to provide any information.

While residing in Nevada, Mr. Schumacher timely filed a petition for review of the notice of determination. In his petition he asserted for the first time that he disagreed with the NFTL because the lien was "an unnecessary burden upon * * * [his] search for gainful employment" and that the tax was "not collectible". In support of his contentions Mr. Schumacher stated that "[p]rospective employers imply a direct correlation between suitability for employment and credit scores and other publically available derogatory information." Further, he asserted that the "lien is subordinate to an active child support order". However, respondent and Mr. Schumacher filed a joint motion to remand because of uncertainty whether Mr. Schumacher had received notice of the CDP hearing at his new address. The Court granted the motion for remand, and the case was returned to the IRS Appeals Office.

On remand, the settlement officer scheduled a telephone conference with Mr. Schumacher. Before the telephone conference Mr. Schumacher provided the settlement officer with various documents, including the collection information statement with supporting documents and a child support order. During the telephone conference Mr. Schumacher again explained that he could not pay the

**[*6]** balance due. He further stated that the notice of lien filing prevented him from securing employment. He did not, however, pursue lien subordination; rather he argued that his child support obligation was already superior to the Federal tax lien and sought lien withdrawal. Because the collection information statement showed expenses greater than income, the settlement officer placed Mr. Schumacher's account into currently not collectible status; however, the settlement officer did not withdraw the notice of lien filing. Following the conference the settlement officer received additional documents from Mr. Schumacher regarding background screening for job applications. After reviewing the documents the settlement officer determined that the information Mr. Schumacher provided did not demonstrate that he was denied employment because of the lien filing. She called Mr. Schumacher and left him a message informing him that the information he provided did not warrant lien withdrawal and that the IRS would not withdraw the notice of lien filing.

The settlement officer issued a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 sustaining the lien filing because Mr. Schumacher failed to provide information that demonstrated just cause for withdrawing the notice of lien filing.

**[\*7]**  On May 20, 2015, respondent filed a motion for summary judgment under Rule 121 and a supporting declaration with exhibits.  The Court issued an order directing Mr. Schumacher to respond to respondent's motion.  Subsequently, Mr. Schumacher filed an opposition to the motion for summary judgment, arguing that the motion should be denied because the lien is "debilitating" and "influence[s] hiring decisions."  He also argues that he is not required to "prove a negative" in securing testimony or evidence to show that the notice of lien filing influenced hiring decisions because that burden would be "overbearing".

Discussion

I.     Summary Judgment

Either party may move for summary judgment regarding all or part of the legal issues in controversy.[3]  The purpose of summary judgment is to expedite litigation and avoid unnecessary and expensive trials.[4]  However, summary judgment is not a substitute for trial and should not be invoked in proceedings where the facts are disputed.[5]  We may grant summary judgment only if "there is

---

[3]Rule 121(a).

[4]RSW Enters., Inc. v. Commissioner, 143 T.C. 401, 404 (2014); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

[5]Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).

**[*8]** no genuine dispute as to any material fact and * * * a decision may be rendered as a matter of law."[6]

The moving party bears the burden of proving that no genuine dispute exists as to any material fact.[7] In deciding whether to grant summary judgment, any factual inferences will be treated in a manner that is most favorable to the nonmoving party.[8] Although this burden falls on the moving party, the nonmoving party "may not rest upon the mere allegations or denials of such party's pleading, but * * * must set forth specific facts showing that there is a genuine dispute for trial."[9]

## II. Collection Due Process Overview

In a CDP hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of collection actions and offers of collection alternatives.[10] However, when a taxpayer seeks this Court's review of the notice of determination, that taxpayer generally may raise only issues that were properly

---

[6]Rule 121(b); see Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

[7]Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

[8]Dahlstrom v. Commissioner, 85 T.C. at 821.

[9]Rule 121(d).

[10]Secs. 6320(c), 6330(c)(2)(A).

**[*9]** raised in the CDP hearing.[11]  An issue is not properly raised when the

taxpayer does not request consideration of the issue by the IRS Appeals Office or

requests consideration of an issue but fails to provide any evidence on that issue

after being given a reasonable opportunity to do so.[12]

The appropriate standard of review must be applied.  Where the underlying

tax liability is properly at issue, we review the Commissioner's determination as to

that issue de novo.[13]  In contrast, where the validity of the tax liability is not at

issue, we review the Commissioner's determination for abuse of discretion.[14]  A

settlement officer abuses his or her discretion if a determination is arbitrary,

capricious, or without sound basis in fact or law.[15]

Mr. Schumacher does not contest the underlying liability in this case.

Rather, he contends that the settlement officer should have withdrawn the notice

---

[11]Giamelli v. Commissioner, 129 T.C. 107, 113 (2007); sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

[12]Sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

[13]Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

[14]Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182.

[15]See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); see also Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166.

**[*10]** of lien filing.  Accordingly, we will consider only whether respondent abused his discretion in sustaining the notice of lien filing.  We need not address whether we can look outside the administrative record in this case because Mr. Schumacher did not offer or propose to offer any evidence that is outside the administrative record.

When a settlement officer makes a determination, that officer must (1) verify that the requirements of the applicable law and administrative procedure have been met; (2) consider the issues raised by the taxpayer; and (3) consider whether any proposed collection action balances the need for efficient collection with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.[16]  We find that the settlement officer did not abuse her discretion in sustaining the notice of lien filing because she properly based her determination on these factors.

III.    Collection Alternatives

Because the underlying liability is not at issue, we review the Appeals officer's determination for abuse of discretion.[17]

---

[16]See secs. 6320(c), 6330(c).

[17]Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182.

**[*11]** When a taxpayer neglects to pay his or her Federal tax liability after notice and demand, a lien in favor of the United States arises on all of that taxpayer's property and rights to property.[18] Section 6323 authorizes the Commissioner to file notice of that lien, establishing the lien's priority over certain persons. A lien is usually a less intrusive collection mechanism than a levy because it allows the agency to wait for the taxpayer to acquire property that might be used in satisfying the tax liability rather than taking property.[19]

### A. Lien Subordination

A settlement officer does not abuse his or her discretion by failing to consider an issue under section 6330(c)(2) that was never raised at the CDP hearing.[20] A taxpayer must raise such an issue at a CDP hearing to preserve it for this Court's consideration.[21]

---

[18]Sec. 6321.

[19]Cunningham v. Commissioner, T.C. Memo. 2014-200.

[20]Giamelli v. Commissioner, 129 T.C. at 113-114; sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; cf. Hoyle v. Commissioner, 131 T.C. 197, 201 (2008) (a settlement officer must verify compliance with applicable law and administrative procedure under section 6330(c)(1) regardless of whether the taxpayer raised the issue at the CDP hearing).

[21]Perkins v. Commissioner, 129 T.C. 58, 63 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002).

**[*12]** Although Mr. Schumacher initially raised lien subordination on his CDP hearing request, he failed to address lien subordination at the CDP hearing. Mr. Schumacher referred to lien subordination only by arguing that the notice of lien filing should be withdrawn because it was already subordinate to his child support obligations. Therefore, we find that Mr. Schumacher did not properly raise lien subordination.

### B.    Lien Withdrawal

A notice of lien filing may be withdrawn under section 6323(j) when certain circumstances are present: the filing of the notice is premature, an installment agreement has been entered to satisfy the liability, the withdrawal will facilitate collection of tax liability, or the National Taxpayer Advocate consents to the lien withdrawal because it is in the best interest of the taxpayer and the United States.[22] Although section 6323(j) allows the Commissioner to withdraw an NFTL for any of the reasons outlined above, that authority is discretionary. Mr. Schumacher argues that respondent abused that discretion.

Rule 121(d) provides that the party opposing summary judgment cannot rest on mere allegations but must set forth specific facts showing a genuine dispute for trial. Mr. Schumacher argues that the settlement officer abused her discretion in

---

[22]Sec. 6323(j).

[*13] sustaining the notice of lien filing because the lien is "debilitating" and "influence[s] hiring decisions." However, he argues that he is not required to "prove a negative" in securing testimony or evidence to show that the notice of lien filing influenced hiring decisions because that burden would be "overbearing". This argument runs counter to Rule 121(d), which requires that Mr. Schumacher set forth specific facts showing that he was denied employment because of the notice of lien filing. Mr. Schumacher failed, in this instance, to present or offer to present any evidence that he was adversely affected or denied employment because of the notice of lien filing. Moreover, we have previously held that mere speculation about the effect of a lien on finding gainful employment is simply not enough.[23] Accordingly, we find that the settlement officer did not abuse her discretion in sustaining the notice of lien filing.

IV. <u>Conclusion</u>

Mr. Schumacher has not provided any evidence of a genuine dispute as to any material fact. Further, Mr. Schumacher has not provided any evidence that the

---

[23]<u>See</u> <u>Cunningham v. Commissioner</u>, T.C. Memo. 2014-200.

[*14] settlement officer abused her discretion in sustaining the notice of lien filing.  Accordingly, we will grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.